— **EXHIBIT 1** —

## CLASS ACTION SETTLEMENT AGREEMENT
## AND RELEASE OF CLAIMS

Subject to its terms and conditions and the approval of the Court, this Class Action Settlement and Release of Claims (the "Agreement" or "Settlement Agreement") is made and entered into by and among Plaintiff Abante Rooter and Plumbing, Inc. ("Plaintiff" or "Class Representative"), in its individual capacity and on behalf of the class of persons it seeks to represent (the "Class," as defined below), and Defendant Pivotal Payments, Inc., d/b/a Capital Processing Network and CPN ("Defendant") (together, Plaintiff and Defendant are referred to herein as the "Parties"), and is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims, as defined below.

## RECITALS

A.      On September 26, 2016, Plaintiff filed a proposed class action complaint against Defendant in the United States District Court for the Northern District of California, captioned *Abante Rooter and Plumbing, Inc. et al. v. Pivotal Payments, Inc. dba Capital Processing Network and CPN*, No. 16-cv-05486-JCS (the "Action"), alleging that Pivotal made telephone calls to Plaintiff in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") and purporting to represent a class of all persons to whom: (a) Pivotal Payments and/or a third party acting on Pivotal Payments' behalf, made one or more non-emergency telephone calls; (b) promoting Pivotal Payments' products or services; (c) to their cellular telephone number; (d) through the use of automatic telephone dialing system or an artificial or prerecorded voice; and (e) at any time on or after September 26, 2012.

1

B.      On August 31, 2017, the Parties participated in a good-faith, arms-length, full-day mediation with Bruce Friedman, Esq. of JAMS.  Although the Parties were not able to resolve the dispute on August 31, the Parties continued their discussions for the next several weeks with the assistance of the mediator and were ultimately able to reach an agreement to settle the Action, the principal terms of which were memorialized by the Parties in a binding Confidential Memorandum of Understanding that was fully executed on September 25, 2017.  Based on their arms-length negotiations and the terms of the Confidential Memorandum of Understanding, the Parties agreed to settle the Action on the terms and conditions set forth in this Agreement.

C.      In the course of litigating the Action, Defendant produced to Plaintiff documentation regarding its business practices as well as its relationship and interactions with EPLJ Enterprises, LLC ("EPLJ"), a third-party vendor Defendant retained to deliver leads (i.e., the names and telephone numbers of business prospects that might be interested in Defendant's products and services) to Defendant, and EPLJ's principal, Gordon Rose.  In addition, Plaintiff obtained through subpoena records of telephone numbers EPLJ and/or Rose claims to have called in order to generate the leads it had agreed to provide to Defendant.  Defendant provided Plaintiff with a sworn declaration in which Defendant states that it has investigated and it has no records of, and is not aware of, any unlawful calls made by either itself or a third-party vendor acting or allegedly acting on Defendant's behalf using or allegedly using an autodialer, other than the calling records that EPLJ/Gordon Rose produced in response to Plaintiff's subpoena.

2

D.      Based on these records, and their own independent investigation and evaluation, Class Counsel have thoroughly analyzed the value of the proposed Class Members' claims during the prosecution of this Action.  This discovery, investigation, and prosecution by Class Counsel has included, among other things: (a) inspection and analysis of the documents and materials produced by Defendant, EPLJ, and Gordon Rose; (b) analysis of the various legal positions taken and defenses raised by Defendant; (c) investigation into the viability of class treatment of the claims asserted in the Action; (d) analysis of potential class-wide damages; (f) research of the applicable law with respect to the claims asserted in the Complaint and the potential defenses thereto; (g) the exchange of information through formal and informal discovery; and (h) retention of an alleged expert to analyze calling records for the purpose of identifying potential class members.

E.      The discovery conducted in this matter, as well as discussions between counsel, have been adequate to give Plaintiff and Class Counsel a sound understanding of the merits of Plaintiff's position and to evaluate the worth of the claims of the Class Members in light of Defendant's defenses to them.  The discovery conducted in this Action and the information exchanged by the Parties through discovery and mediation are sufficient to reliably assess the merits of the respective Parties' positions and to compromise the issues on a fair and equitable basis.  As a result, Class Counsel and Plaintiff agree and represent to the Court that the Settlement is fair, adequate, and reasonable.

F.      Plaintiff and Class Counsel believe that the claims, causes of action, allegations and contentions asserted in the Action have merit.  However, Plaintiff and Class Counsel recognize and acknowledge the many risks, expense and delay of continued lengthy proceedings necessary to prosecute the Action against Defendant through trial and through appeals.  Class Counsel have taken into account the uncertain outcome and the risk of any litigation, the risk of continued litigation in complex actions such as this, as well as the difficulties and delays inherent in such litigation, and the potential difficulty of maintaining the Action as a class action.  Class Counsel are mindful of the inherent problems of proof under, and possible defenses to, the claims alleged in the Action, including, but not limited to Defendant's defense that it is not legally responsible for any acts allegedly taken by EPLJ and/or Gordon Rose.  Class Counsel believe that the Settlement set forth in this Agreement confers substantial benefits upon Plaintiff and the proposed Class Members and that an independent review of this Agreement by the Court in the approval process will confirm this conclusion. Based on their own independent evaluation of all of these factors, Class Counsel have determined that the Settlement set forth in the Agreement is in the best interests of the Plaintiff and the putative Class Members.

G.      Defendant has denied and continues to deny each and all of the claims and contentions alleged by Plaintiff and all proposed Class Members in the Action. Defendant has expressly denied and continues to deny all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Defendant further denies that, for any

4

purpose other than settlement, the claims alleged in the Action are appropriate for class or

representative treatment of any kind.  Nonetheless, Defendant has concluded that further

conduct of the Action would be protracted and expensive and that it is desirable for

economic reasons that the Action be fully and finally settled in the manner and upon the

terms and conditions set forth in this Agreement in order to limit further expense,

inconvenience and distraction, to dispose of burdensome and protracted litigation, and to

permit the operation of Defendant's business without further expensive litigation and the

distraction and diversion of its personnel with respect to matters at issue in the Action.

Defendant has also taken into account the uncertainty and risks inherent in any litigation,

especially in complex cases such as the Action.  Defendant has, therefore, determined

that it is desirable and beneficial to it that the Action be settled in the manner and upon

the terms and conditions set forth in this Agreement.  The Parties have agreed to the

terms set forth herein without in any way acknowledging fault or liability.  Therefore,

nothing in this Settlement Agreement shall be deemed or used as an admission of

liability, fault or wrongdoing by Defendant or as an admission that a class or

representative action should be certified or allowed to go forward, and shall not be used

for any purpose other than for settlement purposes and to enforce its terms.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and

among the Parties, subject to final approval by the Court after a hearing or hearings as

provided for in this Settlement Agreement, and in consideration of the benefits flowing

from the Settlement Agreement set forth herein, that the Action and the Released Claims

shall be finally and fully compromised, settled, and released, and the Action shall be

dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## **AGREEMENT**

## 1.    **DEFINITIONS**

As used in this Agreement, the following terms shall have the meanings specified below:

1.1    "Action" means the lawsuit captioned *Abante Rooter and Plumbing, Inc. et al. v. Pivotal Payments, Inc. dba Capital Processing Network and CPN*, Case No. 16-CV-05486-JCS, pending in the United States District Court for the Northern District of California.

1.2    "Agreement" means this document.

1.3    "Claim Form" means the form that will be available on the Settlement Website to download, print, and submit by mail in substantially the form as that attached as Exhibit 1 to this Agreement.

1.4    "Class" means all individuals, entities and persons to whom: (a) Pivotal Payments, Inc. and/or any third party acting or allegedly acting on Pivotal Payments, Inc.'s behalf, including EPLJ or Gordon Rose, made one or more non-emergency telephone calls; (b) promoting credit card processing services, other services, or goods of any kind; (c) to their cellular telephone number; (d) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; and (e) at any time in the period from September 26, 2012 up through and including the date of preliminary approval of the parties' Settlement by the United States District Court for the Northern

6

District of California.  Based upon the records EPLJ and/or Gordon Rose produced in response to a subpoena (the "EPLJ Calling Records"), Plaintiff's proffered expert believes EPLJ placed calls to approximately 1.9 million unique cellular telephone numbers.  Defendant disagrees that the number of calls allegedly made by EPLJ/Gordon Rose is accurate.  It also disputes, among other things, that the calls violated the TCPA in any way, that Plaintiff's expert's work is accurate, and that Defendant is in any way responsible for the calls.  However, the Parties agree, and it is a material term of the settlement, that the EPLJ Calling Records constitute the universe of known calling records relevant to the claims asserted in the Action.  Plaintiff reserves the right to terminate the Settlement if the number of Class Members exceeds this number by more than 15,000 Class Members

       1.5    "Class Counsel" means:

       Beth E. Terrell
Jennifer Rust Murray
TERRELL MARSHALL LAW GROUP
936 N. 34th Street, Suite 300
Seattle, WA 98103

       Edward Broderick
Anthony Paronich
BRODERICK & PARONICH, P.C.
99 High Street, Suite 304
Boston, MA 02110

       Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, MA 01760

> Steven M. Tindall
> GIBBS LAW GROUP LLP
> 505 14th Street, Suite 1110
> Oakland, CA 94612

1.6    "Class Member" means a member of the Class.

1.7    "Class Members" means each and every Class Member.

1.8    "Class Notice" means the notice of proposed settlement in substantially the form attached hereto as Exhibits 2 and 3 that is to be provided to Class Members after entry of the Preliminary Approval Order, including the "Postcard Notice" (Exhibit 2) and "Website Notice" (Exhibit 3).

1.9    "Class Representative" means Plaintiff Abante Rooter and Plumbing, Inc.

1.10    "Complaint" means the Class Action Complaint for Damages and Injunctive Relief filed in the Action on September 26, 2016.

1.11    "Court" means the United States District Court for the Northern District of California.

1.12    "Defendant" means Pivotal Payments, Inc. dba Capital Processing Network and CPN.

1.13    "Defendant's Counsel" means:

> Drew R. Hansen
> Seth M. Goldstein
> THEODORA ORINGHER PC
> 535 Anton Boulevard, Ninth Floor
> Costa Mesa, CA 92626

1.14    "Effective Date" means the date that the Settlement becomes Final. "Final" means (i) in the event no objections to the Settlement are filed, thirty-five (35)

days after the Court enters the Final Approval Order and Judgment; or, (ii) in the event

that one or more objections to the Settlement have been filed and not withdrawn, then

upon the passage of the applicable date for an objector to seek appellate review of the

Final Approval Order and Judgment, without a timely appeal having been filed; or, (iii)

in the event that an appeal of the Final Approval Order and Judgment has been filed,

then when the applicable court has rendered a final decision or opinion affirming the

Final Approval Order and Judgment without material modification, and the applicable

date for seeking further appellate review has passed, or the date that any such Appeal has

been either dismissed or withdrawn by the appellant.

 1.15 "Fee Award" means the cumulative and total amount of attorneys' fees

and reimbursement of costs awarded by the Court to Class Counsel.

 1.16 "Final Approval Hearing" means the hearing at which the Court shall

consider a motion for entry of the Final Approval Order and Judgment, Plaintiff's

application for Service Award, and Class Counsel's application for Fee Award.

 1.17 "Final Approval Order and Judgment" means the Court's order granting

final approval of the Settlement substantially in the form attached to this Stipulation as

Exhibit 4.

 1.18 "Gross Settlement Payment" means the all-in non-reversionary payment

by Defendant of nine million dollars ($9,000,000.00) to resolve this case in its entirety

and all of the Released Claims, which includes those alleged in the Complaint.  The

Gross Settlement Payment is the total payment required from Defendant under this

Agreement, and is inclusive of all payments to Participating Class Members, the Fee

Award, the Service Award, and the Settlement Administration Costs.  Under no circumstances shall Defendant be required to pay more than the Gross Settlement Amount to consummate the Agreement and effectuate the Settlement.

1.19    "Individual Settlement Payment" means the payment to be made to each Participating Class Member that submits a timely and valid Claim Form from the Net Settlement Fund pursuant to the terms of this Agreement.

1.20    "Net Settlement Fund" means the amount of the Gross Settlement Amount that remains after the deductions described in Section 11.1(a) and Section 11.1(b) of this Agreement are made.

1.21    "Non-Participating Class Member" means a Class Member who submits a timely and valid request to be excluded from the Settlement.

1.22    "Notice Deadline" means the deadline for the Settlement Administrator to send the Postcard Notice and is thirty (30) days following entry of the Preliminary Approval Order.

1.23    "Objection/Exclusion/Claim Deadline" means the date by which (1) a written objection to this Agreement must be filed with the Court or (2) a request for exclusion mailed to the Settlement Administrator must be postmarked or (3) a claim must be submitted either electronically or postmarked for mailing.  The Objection/Exclusion/Claim deadline will be ninety (90) calendar days after the Notice Deadline.

1.24    "Participating Class Member" means a Class Member who does not submit a timely and valid exclusion request.

10

1.25   "Parties" means Class Members, including the Class Representative, and Defendant, each of whom is a "Party."

1.26   "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

1.27   "Preliminary Approval Order" means the Court's order granting preliminary approval of the Settlement, ordering the mailing of the Class Notice and scheduling the Final Approval Hearing, substantially in the form attached to this Stipulation as Exhibit 5.

1.28   "Released Claims" means any and all claims based on or arising out of the Telephone Consumer Protection Act, 47 U.S.C. § 227, as well as any similar state law that are, or which could have been, asserted in the Action, up through the Court's entry of the Preliminary Approval Order.  The Released Claims do not include any claims that Class Members may have against EPLJ, Gordon Rose, or any other vendor alleged to have placed calls on the Released Parties' behalf.  However, the Released Claims do include any and all claims that Participating Class Members could have asserted against the Released Parties based on telephone calls placed by EPLJ, Gordon Rose or any other vendor to the extent those persons are alleged to have placed any telephone calls on behalf of any of the Released Parties.

1.29   "Released Parties" means Pivotal Payments, Inc., Capital Processing Network, CPN, and their respective parent companies, subsidiaries, divisions, and related entities, past and present, as well as their employees, officers, directors,

representatives, attorneys, insurers, partners, shareholders, joint venturers, owners, and successors and assigns of each.

1.30    "Service Award" means the service payment described in Section 4.3 of this Agreement to be requested from the Court and, if awarded, paid to the Class Representative out of the Gross Settlement Amount as compensation for its service to the Class and its execution of a general release.

1.31    "Settlement" means the Settlement between the Parties, which is memorialized in this Agreement.

1.32    "Settlement Administrator" means the third-party claims administration firm jointly selected by the Parties and approved by the Court.  The Parties have selected Epiq Systems, Inc. as the Settlement Administrator.

1.33    "Settlement Administration Costs" means the expenses incurred by and the fees charged by the Settlement Administrator to perform all of its duties under this Settlement Agreement.

1.34    "Settlement Notice" means the detailed notice of the Settlement to be posted on the Settlement Website.

1.35    "Settlement Website" means the website to be created by the Settlement Administrator containing full details and information about the Settlement, including this Agreement.  The Settlement Website will have links to the operative Complaint, this Agreement, the Postcard Notice, the Website Notice, motions for preliminary and final approval of this Settlement, any approval order, and Class Counsel's request for attorneys' fees and Service Award.  The Settlement Website also will allow Class

Members to file claims electronically and will have a Claim Form that Class Members

can download and submit by mail.

**2.     CONDITIONAL CLASS CERTIFICATION AND APPOINTMENT OF
CLASS COUNSEL AND CLASS REPRESENTATIVE**

2.1     Subject to the Court's approval, the Parties hereby stipulate that the Class

may be conditionally certified for settlement purposes only.

2.2     Subject to the Court's approval, the Parties hereby stipulate to the

appointment of Class Counsel as counsel for the Class and to effectuate the Settlement

contemplated by this Agreement.

2.3     Subject to the Court's approval, the Parties hereby stipulate to the

appointment of Plaintiff as the Class Representative for the Class.

**3.     SETTLEMENT CONSIDERATION**

3.1     The Gross Settlement Payment that Defendant will be obligated to make to

effectuate this Settlement is nine million dollars ($9,000,000.00), inclusive of all

payments necessary to effectuate the Settlement, including the Settlement

Administration Costs, the Fee Award, the Class Representative Service Award, and all

Individual Settlement Payments to Participating Class Members that submit a timely and

valid Claim Form.  Under no circumstances shall Defendant ever be required to pay

more than the Gross Settlement Amount to effectuate the Settlement.  The Gross

Settlement Amount is non-reversionary; if the Court does not approve the full amount of

the Settlement Administration Costs, the Fee Award, or the Class Representative Service

Award, the difference between the amount requested and the amount approved will be

distributed to Participating Class Members that submitted a timely and valid Claim Form as Individual Settlement Payments in accordance with the terms of this Agreement.

      3.2    Defendant makes no representation about the taxability or non-taxability of any of the amounts to be distributed from the Gross Settlement Amount pursuant to the Agreement, and assumes no tax liability with respect to such distributions.  Each Participating Class Member receiving an Individual Settlement Payment (i.e., those Participating Class Members who submitted a timely and valid Claim Form) shall be responsible for determining and paying his, her, or its own tax liability, or penalties thereon.

## 4.    PRELIMINARY APPROVAL OF SETTLEMENT

      4.1    As soon as practicable following execution of this Agreement, Plaintiff shall file an unopposed motion with the Court for entry of the Preliminary Approval Order, which shall, among other things: (a) conditionally certify the Class for settlement purposes only and without reaching any determination as to the manageability of the Action at trial; (b) appoint Plaintiff's counsel as Class Counsel; (c) appoint Plaintiff as Class Representative; (d) preliminarily approve this Settlement set forth in this Agreement; (e) appoint a Settlement Administrator to exercise the duties allocated to the Settlement Administrator herein; (f) approve as to form and content the Class Notice; (g) direct the Settlement Administrator to mail the Class Notice to Class Members as set forth below and instructed by the Court; (h) set deadlines for Class Members to submit claim forms and exclusion requests and to file and serve objections to the Settlement; and (i) set the date of the Final Approval Hearing, which in order to comply with the

notice requirements of this Agreement and the Local Rules of the Court shall be scheduled no earlier than one hundred and seventy-five (175) days after entry of the Preliminary Approval Order.  Class Counsel will provide Defendant's Counsel with a draft of the motion by no later than 6 p.m. Pacific Time on the fourth business day before the motion is to be filed, and Defendant's Counsel will provide Class Counsel with comments, if any, on the draft motion by no later than 6 p.m. Pacific Time on the second business day before the motion is to be filed.

     4.2    Class Counsel will submit an application to the Court for an award of attorneys' fees and costs (the "Fee Award") to be paid to Class Counsel from the Gross Settlement Amount.  Defendant reserves the right to object to the amount of the requested Fee Award.  The amount of the Fee Award is within the sole discretion of the Court and is not a condition of this Settlement.  Any order by the Court providing for a Fee Award that is less than the amount requested by Class Counsel shall not be grounds to rescind this Agreement or otherwise void the Settlement.

     4.3    Class Counsel will submit an application to the Court for an award of twenty-five thousand ($25,000), in addition to any payment Plaintiff is otherwise entitled to as a Participating Class Member, to recognize Plaintiff's service to the Class and as consideration for a general release of Plaintiff's individual claims against Defendant and all other Released Parties (the "Service Award") and to be paid to Plaintiff from the Gross Settlement Amount.  The amount of the Service Award is within the sole discretion of the Court and is not a condition of this Settlement.  Any order by the Court providing for a Service Award that is less than the amount Class Counsel

applies for shall not be grounds to rescind this Agreement or otherwise void the

Settlement.

   4.4  Class Counsel will submit their motion for a Fee Award and Service

Award thirty (30) days before the Objection/Exclusion/Claim Deadline.

## 5.  APPOINTMENT AND DUTIES OF SETTLEMENT ADMINISTRATOR

   5.1  Subject to the Court's approval, the Parties hereby stipulate to the

appointment of Epiq Systems, Inc. as the Settlement Administrator under this

Agreement.

   5.2  The Settlement Administrator shall perform the following duties in

connection with its administration of the Settlement: (i) obtaining addresses for Class

Members using appropriate methods, as described in Section 6.2.1 below; (ii) mailing

the Postcard Notice to Class Members; (iii) tracking non-delivered Postcard Notices and

taking reasonable steps to re-send them to Class Members' current addresses; (iv)

tracking and timely reporting to Class Counsel and Defendant's Counsel any written

requests for exclusion submitted by Class Members; (v) tracking and timely reporting to

Class Counsel and Defendant's Counsel any written objections to the Settlement

submitted by Class Members; (vi) tracking and timely reporting Claim Forms submitted

electronically and by mail; (vii) administration of the fund established by the Gross

Settlement Payment; (viii) disbursement of the Fee Award and Service Award; (ix)

calculation of the amount of the Individual Settlement Payment that is to be made to

each Participating Class Member that submits a timely and valid Claim Form; (x)

disbursement of Individual Settlement Payments to Participating Class Members that

have submitted timely and valid Claim Forms; (xi) tracking the number of Individual

Settlement Payment checks that remain uncashed by the deadline to cash such checks;

(xii) handling the Redistribution contemplated by Section 6.6, if any; (xiii) handling of

the payment, if any, to a *cy pres* recipient; (xiv) preparing the reports and declarations

contemplated by Section 11.3; (xv) establishing and maintaining the Settlement Website;

(xvi) establishing a toll-free telephone number for Class Members to call; and (xvii) any

other obligations imposed by the Court.

     5.3    The Settlement Administrator shall complete its duties in a rational,

reasonable, responsive, cost effective, and timely manner.  The Settlement Administrator

shall maintain all such records as are required by applicable law in accordance with its

normal business practices, including but not limited to a summary of work performed by

the Settlement Administrator.  Such records will be provided to Class Counsel and

Defendant's Counsel and to the Court along with the motion for entry of the Final

Approval Order and Judgment.

     5.4    In the exercise of its duties outlined in this Agreement, the Settlement

Administrator shall have the right to reasonably request additional information from the

Parties or any Class Member.

     5.5    The Settlement Administrator, with approval by the Parties, shall be

responsible for compliance with the applicable provisions of the Class Action Fairness

Act ("CAFA"), including the notice requirements set forth in 28 U.S.C. § 1715 et seq.

The Settlement Administrator shall provide the Parties with a draft of said CAFA notice

within five (5) days after the filing of the Motion for Preliminary Approval.  The

Settlement Administrator shall further deliver the version of the CAFA notice approved by the Parties to the appropriate federal and/or state officials within ten (10) days after the filing of the Motion for Preliminary Approval.

5.6    All expenses and fees due the Settlement Administrator in connection with its administration of the Settlement, including, but not limited to, identifying the Class Members, providing the Class Notice, processing requests for exclusion and objections, and disbursing amounts from the Gross Settlement Fund, shall be paid from the Gross Settlement Fund.

5.7    Should the Settlement Administrator need more time than is provided under this Agreement to complete any of its obligations, the Settlement Administrator may request, in writing, such additional time (including an explanation of the need for additional time) from Class Counsel and Defendant's Counsel.   If Class Counsel and Defendant's Counsel do not agree, in writing, to the Settlement Administrator's request for additional time, the Settlement Administrator, Class Counsel and Defendant's Counsel may seek such additional time from the Court.

## 6.    NOTICE OF SETTLEMENT; SUBMISSION OF REQUESTS FOR EXCLUSION AND OBJECTIONS

6.1    The Settlement Administrator shall cause the Class Notice to be disseminated to Class Members.  The Class Notice shall comport with Rule 23 of the Federal Rules of Civil Procedure and due process.

6.2    Mailing the Class Notice to the Class

18

6.2.1   Within ten (10) days after the Preliminary Approval Date, Class Counsel shall provide to the Settlement Administrator (a) the list of approximately 1.9 million unique cellular telephone numbers that Plaintiff's expert identified from the EPLJ Calling Records (the "Class List") and (b) the list of approximately 526,000 telephone numbers appearing on the Class List for which EPLJ and/or Gordon Rose allegedly produced associated names and addresses.  The Settlement Administrator shall perform reverse look-ups on those telephone numbers appearing on the Class List for which EPLJ and/or Gordon Rose did not produce associated names and addresses.

6.2.2   Within thirty (30) days from the Preliminary Approval Date, the Settlement Administrator shall cause the Postcard Notice to be mailed by first-class mail to Class Members at the addresses produced by EPLJ and/or Gordon Rose or obtained through reverse look-up.  If a Postcard Notice is returned with a forwarding address, the Settlement Administrator shall promptly forward the original Postcard Notice to the updated address via first-class regular U.S. Mail indicating on the original Notice the date of such re-mailing.  If a Postcard Notice is returned as undeliverable without a forwarding address, the Settlement Administrator will perform a reasonable "skiptrace" search using the National Change of Address database to obtain an updated address, and the Postcard Notice will be re-mailed to the Class Member at the updated address.

6.2.3   The Postcard Notice shall be in substantially the form as that attached as Exhibit 2 and shall refer Class Members to the Settlement Website where Class Members can find detailed information about the Settlement.

19

6.3     Any Class Member may submit a claim for payment from the Net Settlement Fund by submitting a timely and valid Claim Form to the Settlement Administrator on or before the ninetieth (90th) day following the Notice Deadline.

6.4     Request for Exclusion from Settlement

6.4.1   Any Class Member who does not submit a valid request for exclusion, as described more fully in this Section 6.3, shall participate in the Settlement and will be bound by its terms and release.

6.4.2   Any Class Member may elect to be excluded from the Settlement by submitting a timely and valid written request for exclusion to the Settlement Administrator on or before the ninetieth (90th) day following the Notice Deadline.  To be effective, such written request must include the Class Member's full name, address, and telephone number, a statement that the Class Member submitting the request wishes to be excluded from the Settlement, and the signature of the Class Member submitting the request or an individual authorized to sign on behalf of the Class Member.

6.4.3   A request to be excluded that does not include all of the foregoing information, or that is sent to an address other than that designated in the Class Notice, or that is not postmarked within the time specified, shall be invalid.

6.4.4   Any Class Member who submits a timely and valid request for exclusion shall not: (i) be bound by the Final Approval Order and Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; (iv) have any standing to object to any aspect of this Agreement; (v) be

bound by the Release set forth in this Agreement; and Defendant will retain all of its defenses to such Class Member's purported claims.

     6.5    Objection to Settlement

     6.5.1  Any Class Member who does not submit a timely and valid request for exclusion may object to this Settlement, the Plaintiff's requested Service Award, and/or Class Counsel's requested Fee Award, by filing a written objection and supporting papers, if any, with the Court on or before the ninetieth (90th) day following the Notice Deadline.  Such a written objection must (a) clearly identify the case name and number (Abante Rooter & Plumbing, Inc. v. Pivotal Payments, Inc., Case No. 16-CV-05486-JCS), and (b) be submitted to the Court either by mailing it to the Class Action Clerk, United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom G-15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, by filing it in person at any location of the United States District Court for the Northern District of California, or, if permitted by the Court rules, by filing it electronically using the ECF system.  The written objection must include: (1) the Participating Class Member's full name and address; (2) the telephone number or numbers the Participating Class Member maintains were called; (3) all of the Participating Class Member's objections to the Settlement Agreement and the grounds for each such objection, with factual and legal support for each stated ground; (4) a statement indicating whether the Participating Class Member intends to appear at the Final Approval Hearing and, if so, with or without counsel, and if it is with counsel, identifying the lawyer (including name, address, phone number and email) and

21

identifying any witnesses he, she or it may call to testify at the Final Approval Hearing; and providing copies of any exhibits that he, she, or it intends to introduce into evidence at the Final Approval Hearing.

6.5.2   In the event that the Settlement Administrator receives any written objections to the Settlement, the Settlement Administrator shall send copies of such objections to Class Counsel and Defendant's Counsel by electronic means within 24 hours of receipt.

6.5.3   Any Class Member who submits a timely and valid request for exclusion or who fails to timely file a written objection in accordance with the terms of this paragraph and as detailed in the Class Notice shall be deemed to have waived his, her or its objections, shall not be permitted to object to this Settlement, the Plaintiff's requested Service Award, and/or Class Counsel's requested Fee Award at the Final Approval Hearing, and shall be foreclosed from seeking review of any Final Approval Order and Judgment by appeal or other means.

6.6   Reports and Declaration By Settlement Administrator

6.6.1   At the end of every week during the notice period and within five (5) days after the expiration of the deadline to submit a timely request for exclusion (and at any additional time upon request), the Settlement Administrator shall provide counsel for the Parties with a complete list of all Class Members who have timely requested exclusion from the Class and with the total number of timely and valid Claim Forms that have been submitted.

6.6.2    Within ten (10) days after the Objection/Exclusion/Claim Deadline, the Settlement Administrator will prepare and provide to Class Counsel and Defendant's Counsel a draft declaration attesting to the work it performed notifying Class Members of the Settlement and the response to the Class Notice.  The declaration will discuss the Settlement Administrator's mailing the Postcard Notice, indicating the number of Postcard Notices mailed to the Class Members that were not returned undeliverable and thus the percentage of the Class that the Postcard Notice "reached."  The declaration also will state the number of visits and unique visitors to the Settlement Website and the number of calls from Class Members that the Settlement Administrator received regarding the Settlement.  The declaration will attach a list of the individuals who submitted valid exclusion requests and state the number of valid Claim Forms that were submitted.  The declaration will contain a statement from the Settlement Administrator about whether it believes, based on its experience, that the Class Notice satisfies due process.

## 7.    DEFENDANT'S RIGHT OF RESCISSION

7.1    If 10 percent or more of the Class Members submit valid requests for exclusion from the Settlement pursuant to the terms of this Agreement, Defendant may, at its election, rescind the Settlement.  In that event, all actions taken in furtherance of the Settlement will be thereby null and void.  Defendant must exercise this right of rescission within fourteen (14) calendar days after the Settlement Administrator notifies Class Counsel and Defendant's Counsel of the total number of valid requests for exclusion received.

23

## 8.    FINAL APPROVAL OF SETTLEMENT

8.1    The Class Representative will file a motion with the Court requesting final approval of the Settlement and entry of the Final Approval Order and Judgment by the deadline set by the Court, which, unless otherwise ordered by the Court, will be filed at least ten (10) days after the Objection/Exclusion/Claim Deadline.  Class Counsel will provide a draft of the motion for final approval and all related papers to Defendant's Counsel for their review by no later than 6 p.m. Pacific Time on the fourth business day before the motion is to be filed, and Defendant's Counsel will provide Class Counsel with comments, if any, on the draft motion and related materials by no later than 6 p.m. Pacific Time on the second business day before the motion is to be filed.

8.2    The Final Approval Hearing will be set at the convenience of the Court but no earlier than one hundred seventy-five (175) days after entry of the Preliminary Approval Order.

## 9.    RELEASE OF CLAIMS

9.1    The Parties intend that this Settlement Agreement will fully and finally dispose of the Action, which shall be dismissed with prejudice, and any and all Released Claims against the Released Parties.

9.2    **Participating Class Members' Release of all Released Claims against Defendant and all other Released Parties**:  Upon the Effective Date, Participating Class Members hereby release, discharge, and agree to hold harmless Defendant and all of the other Released Parties, and each of them, from any and all Released Claims.

24

9.3     **Class Representative's Additional General Release of All Claims Of Any Kind Against Defendant and All Other Released Parties**:  The Parties also intend that, with respect to the Class Representative, the Settlement described in this Agreement shall provide the Released Parties not only the set forth in Section 9.2 but also a general release precluding any further claim, whether by lawsuit, administrative claim or action, arbitration, demand, or other action of any kind, by the Plaintiff, to obtain a recovery based on any claim that could have been asserted against Defendant as well as any other Released Party.  Without limiting the generality of the foregoing general release provided by Plaintiff in any way, Plaintiff's Released Claims include, but are not limited to, any and all claims, charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, penalties, actions, causes of action, suits, rights, demands, costs, losses, debts, and expenses (including attorney fees and costs), known or unknown, at law or in equity, which it may have against Defendant or any of the other Released Parties up through and including the Preliminary Approval Date. Plaintiff's Released Claims include all claims described above, whether known or unknown.  Thus, even if Plaintiff discovers facts in addition to or different from those that it now knows or believes to be true with respect to the subject matter of its released claims, those claims will remain released and forever barred.  Therefore, Plaintiff expressly waives and relinquishes the provisions, rights and benefits of Section 1542 of the California Civil Code and any analogous law, statute, or rule.  Section 1542 provides as follows:

25

"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff specifically acknowledges that it is aware of and familiar with the provisions of Section 1542 of the California Civil Code, and being aware of Section 1542, hereby expressly waives and relinquishes all rights and benefits it may have under Section 1542 as well as any other statute or common law principle of a similar effect.  Plaintiff further agrees that, to the extent permitted by law, if a claim is prosecuted in its name against Defendant or any of the other Released Parties before any court, arbitrator, or administrative agency, Plaintiff waives, and agrees not to take, any award of money or other damages from such proceeding.  Plaintiff agrees that, unless otherwise compelled by law, if a claim is prosecuted in its name against Defendant or any of the other Released Parties that, upon a written request by Defendant or Defendant's Counsel, Plaintiff will immediately request in writing that the claim on its behalf be withdrawn.

## 10.   DELIVERY OF GROSS SETTLEMENT PAYMENT TO THE SETTLEMENT ADMINISTRATOR

10.1   In the event that the Settlement becomes Final, Defendant shall, within twenty (20) days of the Effective Date, transfer to the Settlement Administrator the sum of nine million dollars ($9,000,000).  The Settlement Administrator will hold this amount in escrow until such time as it is authorized to use or pay those funds pursuant to

the Settlement Agreement, the Preliminary Approval Order, or the Final Approval Order and Judgment or as otherwise directed by the Parties.

## 11.    DISTRIBUTION OF GROSS SETTLEMENT PAYMENT

11.1    Within (30) days of the Settlement Administrator's receipt of the funds described in Section 10.1, the Settlement Administrator shall disburse the following from the amounts held in escrow:

(a) any Settlement Administration Expenses that have not already been paid, to itself;

(b) the Fee Award and the Service Award, by such means as Class Counsel may direct; and

(c) the Individual Settlement Payments, by mailing checks to the address of each Participating Class Member that submitted a timely and valid Claim Form..

11.2    The amount of the Individual Settlement Payments shall be determined by dividing the Net Settlement Fund (i.e., the Gross Settlement Payment less the Settlement Administration Expenses, the Fee Award and the Service Award) by the number of Participating Class Members that submitted timely and valid Claim Forms.

11.3    Participating Class Members that submitted timely and valid Claim Forms shall have 180 days to cash their settlement checks.   In the event that any checks mailed to Participating Class Members that submitted timely and valid Claim Forms remain uncashed after the expiration of 180 days, or an envelope mailed to such Participating Class Members is returned and no forwarding address can be located for these Participating Class Members after reasonable efforts have been made, then any such

unclaimed funds shall revert to the Net Settlement Fund.   The amounts of any checks that remain uncashed more than 180 days after the date on the check will be redistributed on a pro rata basis to those Participating Class Members that submitted and timely and valid Claim Form and that cashed their first check, where the residual amount of uncashed checks (net of anticipated administrative costs, including, but not limited to, costs associated with cutting the check, mailing the check, fees charged by the settlement administrator, etc.) makes it administratively feasible and reasonable to make a second distribution (the "Redistribution").  Participating Class members that submitted a timely and valid Claim Form and that do not cash their initial checks shall not be eligible for any Redistribution.  To the extent the residual amount of uncashed checks (net of anticipated administrative costs) is insufficient to feasibly and reasonably make a Redistribution, the Settlement Administrator shall then distribute such funds to the Consumer Federation of America ("CFA").  Any court order directing distribution of such funds to a recipient other than the CFA shall not be grounds to cancel the Agreement.

## 12.    EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

12.1    If (a) Defendant rescinds the Settlement pursuant to Section 7 of this Agreement, (b) the Court should for any reason decline to approve this Settlement in the form agreed to by the Parties, or (c) the Court should for any reason fail to enter a judgment dismissing the Action with prejudice, then the Settlement and conditional class certification will automatically become null and void without any act or deed by any Party and the terms and fact of this Agreement (and of any act performed or document

executed pursuant to or in furtherance of the Agreement), the fact that the Parties

stipulated to a Class for settlement purposes only, and the fact that the Court granted

certification of the Class for settlement purposes only, will be inadmissible evidence in

any subsequent proceeding of any kind, including in the Action or elsewhere.  Put

another way, neither the Settlement, class certification, nor any of the related

negotiations or proceedings, shall be of any force or effect, and all Parties to the

Settlement shall stand in the same position, without prejudice, as if the Settlement had

been neither entered into nor filed with the Court.  Notwithstanding the foregoing, the

Parties may attempt in good faith to cure any perceived defects in the Settlement to

facilitate approval.

## 13.   RETENTION OF JURISDICTION

13.1    The Parties stipulate that the Court may retain jurisdiction over any further

disputes relating to this Agreement, the implementation of the Agreement, or further

issues regarding the claims in the Action, until the Settlement Administrator and the

Parties notify the Court that all issues have been resolved and the Settlement has been

fully effectuated.

## 14.   MISCELLANEOUS

14.1    The Parties will fully cooperate and use reasonable efforts, including all

efforts contemplated by this Agreement and any other efforts that may become necessary

or be ordered by the Court, or otherwise, to accomplish the terms of this Agreement,

including, but not limited to, executing such documents and taking such other action as

may reasonably be necessary to obtain preliminary and final approval of this Agreement without material modifications and to implement its terms.

14.2    The Parties agree that they will not publicize the existence or terms of this Agreement or the confidential Memorandum of Understanding unless necessary to effectuate the Settlement and/or to obtain approval of the Settlement.  In addition, unless the Parties agree otherwise in writing, and with the exception of a notation of the existence of the settlement on Class Counsel's respective websites (which shall not reference the monetary amount of the Settlement) and/or firm resumes that may be submitted to courts in future cases, Class Counsel and/or Plaintiff agree not to issue press releases or initiate any public statements regarding the Settlement and/or the Settlement Agreement, with the exception of the statements made in the Settlement Notices that are approved by the Court.  The Parties may make public statements to the Court as necessary to obtain preliminary or final approval of the Settlement and Class Counsel will not be prohibited from communicating with any person in the Class regarding any aspect of the action or the Settlement.

14.3    This Agreement shall be subject to, governed by, construed, enforced and administered in accordance with the laws of the State of California, both in its procedural and substantive aspects.

14.4    The Parties have had a full opportunity to negotiate the terms and conditions of this Agreement, with the assistance of a neutral mediator and in fact only reached agreement as a result a proposal put forth by the mediator.  Accordingly, the Parties expressly waive the common-law and statutory rule of construction that

30

ambiguities should be construed against the drafter of an agreement.  The Parties agree that the language in this Agreement shall not be construed in favor or against any Party. The Parties further agree, covenant, and represent that the language in all parts of this Agreement shall be in all cases construed as a whole, according to its fair meaning. Each term of this Agreement is contractual and not merely a recital.

14.5    The Parties agree that if, at any time before the Effective Date, any portion of the release of claims, the notice and/or the distribution provisions of this Agreement are determined to be illegal, invalid or unenforceable, then the Parties agree to meet and confer in order to attempt to resolve outstanding issue(s) and to seek the help of Mediator Bruce Friedman to resolve any dispute they are unable to resolve informally.

14.6    If the Court denies final approval of the Settlement, or if the Court's final approval is reversed or fundamentally changed on appellate review, then this Settlement shall become null and void.  If the Settlement is voided through any of the mechanisms described herein, the Parties will have no further obligations under the Settlement, including any obligation by Defendant to pay the Gross Settlement Amount, or any amounts that otherwise would have been owed under this Settlement.

14.7    Nothing in this Agreement shall be construed to be or deemed an admission by Defendant or of any of the other Released Parties of any liability, culpability, negligence, or wrongdoing toward the Class Representative, the Class Members, or any other person, and Defendant specifically disclaims any liability, culpability, negligence, or wrongdoing toward the Class Representative, the Class Members, or any other person.  Each of the Parties has entered into this Agreement with

the intention to avoid further disputes and litigation with the attendant inconvenience, expenses, and contingencies.  Nothing herein shall constitute any admission by Defendant of wrongdoing or liability, or of the truth of any factual allegations in the Action.  Nothing herein shall constitute an admission by Defendant that the Action was properly brought as a class action other than for settlement purposes.  To the contrary, Defendant has denied and continues to deny each and every material factual allegation and alleged claim asserted in the Action.  To this end, the Settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of this Agreement or the Settlement are not, shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Defendant or of the truth of any of the factual allegations in the Complaint in the Action, and are not, shall not be deemed to be, and may not be used as, an admission or evidence of any fault or omission on the part of Defendant in any civil, criminal or administrative proceeding in any court, administrative agency, arbitration proceeding, or other tribunal of any kind.

14.8    Prior to instituting legal action to enforce the provisions of this Agreement or to declare rights and/or obligations under this Agreement, a Party shall provide written notice to all Parties and an opportunity to cure the alleged deficiencies, and the Parties agree to seek the help of Mediator Bruce Friedman to resolve any dispute they are unable to resolve informally.  During this period, all Parties shall bear their own attorneys' fees and costs.

14.9    Except as otherwise specifically provided for herein, each Party shall bear its own attorney fees, costs and expenses, taxable or otherwise, incurred by them in, or arising out of, the Action and or the negotiation and execution of this Agreement, and shall not seek reimbursement thereof from any other party to this Agreement.

14.10   Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the fifth business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To Plaintiff and the Class:

**TERRELL MARSHALL LAW GROUP PLLC**
Beth E. Terrell, SBN #178181
Email:  bterrell@terrellmarshall.com
Jennifer Rust Murray, *Admitted Pro Hac Vice*
Email:  jmurray@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone:  (206) 816-6603
Facsimile:  (206) 319-5450

To Defendant:

**THEODORA ORINGHER PC**
Drew R. Hansen, Esq.
dhansen@tocounsel.com
Seth M. Goldstein, Esq.
sgoldstein@tocounsel.com
535 Anton Boulevard, Ninth Floor
Costa Mesa, California 92626-7109
Telephone:  (714) 549-6200
Facsimile:   (714) 549-6201

14.11   This Agreement and its Exhibits along with the Memorandum of Understanding previously executed by the Parties constitute the entire agreement between

the Parties and their respective counsel relating to the Settlement and the transactions

contemplated thereby.  No rights hereunder may be waived except in writing.

14.12  The Parties represent, covenant and warrant that they have not directly or

indirectly, assigned transferred, encumbered or purported to assign, transfer or encumber

to any person or entity any portion of any liability, claim, demand, action, cause of

action or rights herein released and discharged.

14.13  With respect to the subject matter hereof, except this Agreement and the

Memorandum of Understanding previously executed in September 2017, the Parties

acknowledge that no representations, statements or promises made by the other Party, or

by their respective agents or attorneys, have been relied upon in entering into this

Agreement.  The Parties explicitly recognize California Civil Code Section 1625 and

California Code of Civil Procedure Section 1856(a), which provide that a written

agreement is to be construed according to its terms, and may not be varied or

contradicted by extrinsic evidence, and agree that no such extrinsic oral or written

representations or terms shall modify, vary, or contradict the terms of this Agreement.

14.14  This Agreement may be modified or amended only if such modification or

amendment is agreed to in writing and signed by the duly authorized representatives of

the Parties hereto, and approved by the Court which writing shall expressly state the

intent of the Parties to modify this Agreement.

14.15  This Agreement shall be binding upon and shall inure to the benefit of the

respective heirs, assigns, executors, administrators, successors, subsidiaries, divisions

and partnerships, past and present, and trustees, directors, officers, shareholders,

partners, and employees, past and present, of Plaintiff, Participating Class Members, Defendant and all of the other Released Parties.

14.16  This Agreement may be executed in counterparts and/or electronic and/or facsimile signatures, and when each Party has signed and delivered at least one such counterpart, electronic and/or facsimile signature, each said signature shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.

14.17  Each of the undersigned represents that he, she, or it has the advice of counsel, has authority to sign on behalf of his, her or its principal, and understands that this Agreement is final and binding, and subject only to the settlement process set forth above.


//


//


//


//


//

* * * *

THE UNDERSIGNED ACKNOWLEDGE THAT EACH HAS READ THE FOREGOING AGREEMENT IN ITS ENTIRETY AND ACCEPTS AND AGREES TO THE PROVISIONS CONTAINED THEREIN, AND HEREBY EXECUTES IT VOLUNTARILY WITH FULL KNOWLEDGE OF ITS CONSEQUENCES.

Dated: ~~October~~ November 1, 2017

ABANTE ROOTER AND PLUMBING, INC.

By: _____
    Fred Heidarpour
    Owner of Plaintiff Abante Rooter and Plumbing,
    Inc.

PIVOTAL PAYMENTS, INC.

Dated: October___, 2017

By: _____
    Philip Fayer
    Chief Executive Officer and President of
    Defendant Pivotal Payments, Inc.

Approved as to form:

Dated: October___, 2017

BRODERICK AND PARONICH, P.C.

By: _____
    Anthony Paronich, Esq.
    Attorneys for Plaintiff and the Proposed
    Settlement Class

Dated: October___, 2017

THE LAW OFFICE OF MATTHEW P. MCCUE

By: _____
    Matthew P. McCue, Esq.
    Attorneys for Plaintiff and the Proposed
    Settlement Class

\* \* \* \*

THE UNDERSIGNED ACKNOWLEDGE THAT EACH HAS READ THE FOREGOING AGREEMENT IN ITS ENTIRETY AND ACCEPTS AND AGREES TO THE PROVISIONS CONTAINED THEREIN, AND HEREBY EXECUTES IT VOLUNTARILY WITH FULL KNOWLEDGE OF ITS CONSEQUENCES.

Dated:  October__, 2017          ABANTE ROOTER AND PLUMBING, INC.


By:_____
       Fred Heidarpour
       Owner of Plaintiff Abante Rooter and Plumbing,
       Inc.


PIVOTAL PAYMENTS, INC.


Dated:  October 30, 2017          By:_____
       Philip Fayer
       Chief Executive Officer and President of
       Defendant Pivotal Payments, Inc.


Approved as to form:

Dated:  October__, 2017          BRODERICK AND PARONICH, P.C.


By:_____
       Anthony Paronich, Esq.
       Attorneys for Plaintiff and the Proposed
       Settlement Class


Dated:  October__, 2017          THE LAW OFFICE OF MATTHEW P. MCCUE


By:_____
       Matthew P. McCue, Esq.
       Attorneys for Plaintiff and the Proposed
       Settlement Class


36

\* \* \* \*

THE UNDERSIGNED ACKNOWLEDGE THAT EACH HAS READ THE FOREGOING AGREEMENT IN ITS ENTIRETY AND ACCEPTS AND AGREES TO THE PROVISIONS CONTAINED THEREIN, AND HEREBY EXECUTES IT VOLUNTARILY WITH FULL KNOWLEDGE OF ITS CONSEQUENCES.

Dated: October___, 2017                    ABANTE ROOTER AND PLUMBING, INC.

By:_____
      Fred Heidarpour
      Owner of Plaintiff Abante Rooter and Plumbing,
      Inc.

PIVOTAL PAYMENTS, INC.

Dated: October___, 2017          By:_____
      Philip Fayer
      Chief Executive Officer and President of
      Defendant Pivotal Payments, Inc.

Approved as to form:
Dated: October 31, 2017                    BRODERICK AND PARONICH, P.C.

By:_____
      Anthony Paronich, Esq.
      Attorneys for Plaintiff and the Proposed
      Settlement Class

Dated: October___, 2017                    THE LAW OFFICE OF MATTHEW P. MCCUE

By:_____
      Matthew P. McCue, Esq.
      Attorneys for Plaintiff and the Proposed
      Settlement Class

36

* * * *

THE UNDERSIGNED ACKNOWLEDGE THAT EACH HAS READ THE FOREGOING AGREEMENT IN ITS ENTIRETY AND ACCEPTS AND AGREES TO THE PROVISIONS CONTAINED THEREIN, AND HEREBY EXECUTES IT VOLUNTARILY WITH FULL KNOWLEDGE OF ITS CONSEQUENCES.

Dated: October__, 2017          ABANTE ROOTER AND PLUMBING, INC.


By:_____
      Fred Heidarpour
      Owner of Plaintiff Abante Rooter and Plumbing,
      Inc.


PIVOTAL PAYMENTS, INC.


Dated: October__, 2017          By:_____
      Philip Fayer
      Chief Executive Officer and President of
      Defendant Pivotal Payments, Inc.


Approved as to form:
Dated: October__, 2017          BRODERICK AND PARONICH, P.C.


By:_____
      Anthony Paronich, Esq.
      Attorneys for Plaintiff and the Proposed
      Settlement Class

November 1, 2017
Dated: ~~October__,~~ 2017          THE LAW OFFICE OF MATTHEW P. MCCUE


By:_____
      Matthew P. McCue, Esq.
      Attorneys for Plaintiff and the Proposed
      Settlement Class

36

Dated:  October **31**, 2017

GIBBS LAW GROUP LLP

By: _____

Steven M. Tindall, Esq.
Attorneys for Plaintiff and the Proposed
Settlement Class


Dated:  October___, 2017

TERRELL MARSHALL LAW GROUP, PLLC

By: _____

Jennifer Rust Murray, Esq.
Attorneys for Plaintiff and the Proposed
Settlement Class


Dated: October _ , 2017

THEODORA ORINGHER PC

By: _____

Drew R. Hansen
Attorneys for Defendant


37

Dated:  October___, 2017          GIBBS LAW GROUP LLP


By:_____
     Steven M. Tindall, Esq.
     Attorneys for Plaintiff and the Proposed
     Settlement Class


Novemb

Dated:  ~~October~~ |, 2017          TERRELL MARSHALL LAW GROUP, PLLC


By:_____
     Jennifer Rust Murray, Esq.
     Attorneys for Plaintiff and the Proposed
     Settlement Class


Dated: October _ , 2017          THEODORA ORINGHER PC


By:_____
     Drew R. Hansen
     Attorneys for Defendant


37

Dated:  October__, 2017          GIBBS LAW GROUP LLP


By:_____
   Steven M. Tindall, Esq.
   Attorneys for Plaintiff and the Proposed
   Settlement Class



Dated:  October__, 2017          TERRELL MARSHALL LAW GROUP, PLLC


By:_____
   Jennifer Rust Murray, Esq.
   Attorneys for Plaintiff and the Proposed
   Settlement Class


Dated: October 31, 2017          THEODORA ORINGHER PC


By:_____
   Drew R. Hansen
   Attorneys for Defendant

37

# — EXHIBIT  1 —

# Abante Rooter and Plumbing v. Pivotal Payments Settlement

*Abante Rooter and Plumbing, Inc. et al. v. Pivotal Payments, Inc.* No. 16-cv-05489

Home        FAQs        Documents        Submit a Claim        Contact Us

## Important Dates

XX-XX-XXXX – XX-XX-XXXX

Class Period

XX-XX-XXXX

Deadline to Exclude Yourself from the Settlement

XX-XX-XXXX

Deadline to File a Claim

XX-XX-XXXX

Deadline to Object to the Settlement

XX-XX-XXXX

Final Approval Hearing

## Submit a Claim

If, at any time between XX-XX-XXXX and XX-XX-XXXX, a qualifying event happened, you may be eligible for a payment from this class action settlement. To receive payment from this Settlement, you must submit a Claim Form via this website or by mail. Claims Forms must be submitted or postmarked on or before XX-XX-XXXX to be deemed timely.

### How to File Online

To get started with your Online Claim Form, please provide your Class Member ID below and click "Login". By providing this ID, you will help ensure that your Claim is processed quickly and efficiently.

If you did not receive Notice, click the button "I Did Not Receive a Class Member ID".



Class Member ID: *

Class Member ID

*Where can I find my Class Member ID?*

Login

If you did not receive a Postcard or Email Notice with a Class Member ID, please click the button below.

I Did Not Receive a Class Member ID

### How to File by Paper

If you would like to file a Claim via mail, you may download a copy of the Claim Form here. Fill out the Claim Form completely, sign and date it, then mail it to the Settlement Administrator at:

Settlement Administrator
P.O. Box 0000
Portland, OR 97208-0000

---

Submit a Claim        Contact Us        Privacy Policy        Terms of Use

---

**Questions?** Contact the Settlement Administrator at X-XXX-XXX-XXXX (Toll-Free).

© 2017 Epiq Systems, Inc. All rights reserved | | Version: 1.0.0.17 | Updated: 10/20/2017 11:57:14 AM

# Abante Rooter and Plumbing v. Pivotal Payments Settlement

*Abante Rooter and Plumbing, Inc. et al. v. Pivotal Payments, Inc.* No. 16-cv-05489

| Home | FAQs | Documents | Submit a Claim | Contact Us |

## Important Dates

XX-XX-XXXX – XX-XX-XXXX
Class Period

XX-XX-XXXX
Deadline to Exclude Yourself from the Settlement

XX-XX-XXXX
Deadline to File a Claim

XX-XX-XXXX
Deadline to Object to the Settlement

XX-XX-XXXX
Final Approval Hearing

## Submit a Claim

Please review the form and fill it out to the best of your ability. Claims Forms must be submitted on or before **XX-XX-XXXX** to be deemed timely. Claim Forms received after this deadline may not be accepted.

You should not submit more than one Claim Form. Submitting more than one Claim Form will not increase your compensation under the Settlement Agreement. You do not need to file a Claim Form for each affected phone number you have.

### Contact Information:

Please select the type of claimant you are: *

[ Individual ▼ ]

First Name: *
[ First Name ]

Middle Initial:
[ MI ]

Last Name: *
[ Last Name ]

Country: *
[ United States ▼ ]

Address 1: *
[ Address 1 ]

Address 2:
[ Address 2 ]

City: *
[ City ]

State: *
[ ▼ ]

ZIP Code: *
[ ZIP Code ]

Phone Number: *
[ Phone Number ]

Email Address: *
[ Email Address ]

### Certification:

☐ By checking this box, I certify that the information on this form is true and correct to the best of my knowledge. *

[ Submit ]

Questions? Contact the Settlement Administrator at X-XXX-XXX-XXXX (Toll-Free).

© 2017 Epiq Systems, Inc. All rights reserved | | Version: 1.0.0.17 | Updated: 10/20/2017 11:57:14 AM

SETTLEMENT AGREEMENT EXHIBIT 1

*Abante Rooter and Plumbing, Inc. et al. v. Pivotal Payments, Inc.,* Case No. 3:16-cv-05486-JCS

## CLAIM FORM

**To receive benefits from this Settlement, your Claim Form *must* be electronically submitted or postmarked on or before MONTH DAY YEAR. You may submit your completed and signed Claim Form online at www.XXXXXX.com or by mail to the following address:**

**Pivotal Payments TCPA Settlement Administrator**
**P.O. Box XXXX**
**City, State Zip**

You must complete all sections and sign below in order to receive any benefits from this Settlement.

**You should only submit a Claim Form if you are a member of the following Class:**

All individuals, entities and persons to whom: (a) Pivotal Payments, Inc. doing business as Capital Processing Network and CPN (collectively, "Pivotal") and/or any third party acting or allegedly acting on Pivotal's behalf, including EPLJ Enterprises, LLC ("EPLJ") or Gordon Rose, made one or more non-emergency telephone calls; (b) promoting credit card processing services, other services, or goods of any kind; (c) to their cellular telephone number; (d) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; and (e) at any time in the period from September 26, 2012 up through and including the date of preliminary approval of the parties' Settlement by the United States District Court for the Northern District of California.

By submitting a claim, you are attesting that you received one or more calls to your cellular telephone number from Pivotal or a third party acting or allegedly acting on Pivotal's behalf but did not consent to receive such calls.

_____ __ _____
First Name                                                    MI   Last Name

_____
Business Name (If applicable)

_____
Street Address

_____ _____ _____-_____
City                                                                          State        ZIP              ZIP4 (optional)

_____ _____
Email Address                                          Contact Phone Number

_____
Cell Phone Number at which you received calls from or on behalf of Pivotal

Class Member ID from email or postcard notice (if you did not receive such a notice, leave this blank): _____

You further agree that you will not object to a request by the Settlement Administrator or the parties to this action to contact you if necessary to verify your claim. You should not submit more than one Claim Form. Submitting more than one Claim Form will not increase your compensation under the Settlement Agreement.

I declare that I am a member of the Class, and I have accurately filled out this form.

Signature: _____        Date:_____

# — EXHIBIT  2 —

<u>A COURT AUTHORIZED</u>
<u>THIS LEGAL NOTICE</u>

**If you received a call on your cellular telephone from or on behalf of Pivotal Payments, Inc. you may be entitled to benefits under a class action settlement.**

A settlement has been reached in a class action lawsuit, *Abante Rooter and Plumbing, Inc. et al. v. Pivotal Payments, Inc.*, No. 3:16-cv-05486-JCS (U.S. District Court N.D.Ca.), where Plaintiff alleges that Pivotal Payments, Inc. doing business as Capital Processing Network or CPN ("Pivotal")  caused and/or made calls to cell phones using an automatic telephone dialing system and prerecorded messages. Pivotal denies any wrongdoing, has asserted numerous defenses, and in agreeing to settle, does not admit any wrongdoing.

**Pivotal Payments Settlement Claims Administrator**
P.O. Box XXXXX
City, State Zip Code

«Barcode»

Postal Service: Please do not mark barcode

Claim#: WLR-«ClaimID»-«MailRec»
«First1» «Last1»
«CO»
«Addr2»
«Addr1»
«City», «St»  «Zip»
«Country»

### WHO IS A CLASS MEMBER?

You may be in the Class if, on or after September 26, 2012, you received an autodialed call to your cell phone from or on behalf of Pivotal Payments, Inc., doing business as Capital Processing Network or CPN ("Pivotal").

### SETTLEMENT TERMS

Pivotal will pay $9,000,000 ("Gross Settlement Fund") into a fund that will cover: (1) cash payments to Class Members who submit timely and valid Claim Forms; (2) attorneys' fees to Class Counsel not to exceed $**AMOUNT** plus litigation costs of $**AMOUNT** if approved by the Court; (3) a court-approved service award of $25,000 to the Class Representative; and (4) all of the costs of settlement administration. The Gross Settlement Fund will be divided among Class Members who file timely and valid claims after deducting all settlement expenses, the service award, and attorneys' fees and costs. Class Counsel estimate you will receive approximately $**AMOUNT**. But the amount will depend on the number of claims and other factors and could be less.

### YOUR RIGHTS AND OPTIONS

**Submit a Claim Form**. To receive a cash award, you may submit a Claim Form electronically on the Settlement Website: www.XXX.com. You may request a paper Claim Form by calling 1-XXX-XXX-XXXX or you may download a Claim Form on the Settlement Website. Class Members may only submit one claim. Your Claim Form must be submitted by Month XX, XXXX.

**Opt Out**. You may opt out of the lawsuit and keep your right to sue Pivotal by sending a letter to the Settlement Administrator by Month XX, XXXX, stating your name and that you want to opt out of the Settlement. If you do not opt out, you will be bound by the Settlement and give up your right to sue regarding the settled claims even if you do not submit a Claim Form. Please visit the Settlement Website for more details.

**Object**. If you do not exclude yourself, you have the right to object to the proposed Settlement. You must send your signed, written objections to the Court by Month XX, XXXX, and provide the reasons for your objection.

**Do Nothing**. If you do nothing, you will not receive any payment and will lose the right to sue Pivotal and the other Released Parties with respect to all Released Claims. You will be considered part of the Class, and you will be bound by the Court's decision with respect to the settlement.

**Attend the Final Approval Hearing**. The Court has set a hearing to decide whether the Settlement should be finally approved on Month XX, XXXX at X:00 x.m. at the United States District Court for the Northern District of California, 450 Golden Gate Ave., Courtroom G – 15th Floor, San Francisco, CA 94102. The date may change without notice from the Court to Class Members, so please monitor the Settlement Website. All persons who timely object to the Settlement by Month XX, XXXX may ask to appear at the Final Approval Hearing. The Court will also consider Class Counsel's fee and costs request, which will be posted on the Settlement Website on Month XX, XXXX.

**This Notice is only a summary. You can find more details about the settlement on the website: www.XXX.com, which also contains documents about the case and contact information for Class Counsel, or by calling toll free 1-XXX-XXX-XXXX.**
**PLEASE DO NOT TELEPHONE THE COURT OR THE CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIMS PROCESS**

— **EXHIBIT 3** —

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

*Abante Rooter and Plumbing, Inc. et al. v. Pivotal Payments, Inc. d/b/a Capital Processing Network and CPN*, Case No. 3:16-cv-05486-JCS

# If you received telemarketing calls promoting Pivotal Payments, Inc.'s products or services, you may be entitled to benefits under this class action settlement.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- Pivotal Payments, Inc. doing business as Capital Processing Network and CPN ("Pivotal") has agreed to pay $9,000,000 into a fund from which eligible persons or entities who file timely and valid claims will receive cash awards, estimated to be approximately $**[AMOUNT]** per claim after deducting all settlement administration expenses, any service award, and all attorneys' fees and costs that the Court awards (the "Settlement").

- The Settlement resolves a lawsuit involving all individuals, entities, or persons to whom: (a) Pivotal and/or any third party acting on or allegedly acting on Pivotal's behalf, including EPLJ Enterprises, LLC ("EPLJ") or Gordon Rose, made one or more non-emergency telephone calls; (b) promoting credit card processing services, other services, or goods of any kind; (c) to their cellular telephone number; (d) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; and (e) at any time in the period from September 26, 2012 up through and including the date of preliminary approval of the parties' Settlement by the United States District Court for the Northern District of California.

- Court-appointed lawyers for the class ("Class Counsel") will ask the Court for up to $**[AMOUNT]** of the fund as attorneys' fees plus reimbursement of the out-of-pocket expenses they paid to investigate the facts, litigate the case, and negotiate the Settlement, which amount to $**[AMOUNT]**.

- Pivotal denies all allegations of wrongdoing in the lawsuit. As part of the proposed Settlement, Pivotaldoes not admit to any wrongdoing and continues to deny the allegations against it.

- The two sides disagree on whether Plaintiff and the Class could have won at trial.

- Your legal rights are affected whether you act, or don't act. Read this Notice carefully.

- This notice summarizes the proposed Settlement. For all of the terms and conditions of the Settlement, please see the Settlement Agreement available at **[INSERT]**, by contacting class counsel at Terrell Marshall Law Group, 936 N. 34th Street, Suite 300, Seattle, Washington 98103, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A VALID CLAIM FORM BY DATE** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF BY DATE** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Pivotal about the legal claims in this case. |
| **OBJECT BY DATE** | Write to the Court explaining why you don't like the Settlement. |
| **ATTEND A HEARING ON DATE** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment. Give up your rights for all Released Claims. |

# BASIC INFORMATION

## 1. What is this Notice and why should I read it?

The purpose of this Notice is to let you know that a proposed Settlement has been reached in the class action lawsuit entitled *Abante Rooter and Plumbing, Inc. et al. v. Pivotal Payments, Inc. d/b/a Capital Processing Network and CPN*, Case No. 3:16-cv-05486-JCS. You have legal rights and options that you may act on before the Court decides whether to approve the proposed Settlement. Because your rights will be affected by this Settlement, it is extremely important that you read this Notice carefully. This Notice summarizes the Settlement and your rights under it.

## 2. What is this lawsuit about?

In a class action, one or more people, called class representatives, sue on behalf of people who have similar claims. All of these people are part of a proposed class and referred to as class members. One court resolves the issues for all class members, except those who exclude themselves from the class.

Here, the class representative claims that, on or after September 26, 2012, Pivotal violated the Telephone Consumer Protection Act ("TCPA") when Gordon Rose and/or EPLJ made telemarketing calls to cell phones through the use of an automatic telephone dialing system or an artificial or prerecorded voice. The class representative claims that Pivotal did not have the recipients' permission to make these calls.

The Court has certified a class for settlement purposes only (the "Class"). U.S. District Court Magistrate Judge Joseph C. Spero (the "Court") is in charge of this class action.

Pivotal denies that it did anything wrong, and denies that this case would be certified as a class action in litigation.

# THE SETTLEMENT

| **3. Why is there a Settlement?** |
| --- |

The Court did not decide in favor of Plaintiff or Pivotal. Plaintiff thinks it could have won $500 per illegal call, if not $1,500 per willful illegal call, if it won at trial. Pivotal thinks Plaintiff would not even get to trial and that no class would ever be certified. Pivotal also thinks Plaintiff would not have won anything from a trial if it had been able to get there. But there was no trial. Instead, the parties agreed to a Settlement. That way, both sides avoid the cost and uncertainty of a trial, and those affected who submit timely and valid Claim Forms will receive a cash award. The Class Representative and Class Counsel think the Settlement is best for all Class Members.

# WHO IS IN THE SETTLEMENT?

| **4. How do I know if I am a part of the Settlement?** |
| --- |

You are in the "Class" if you received a non-emergency telephone call from (a) Pivotal and/or any third party acting on or allegedly acting on Pivotal's behalf, including from EPLJ or Gordon Rose; (b) promoting credit card processing services, other services, or goods of any kind; (c) to your cellular telephone number; (d) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; and (e) at any time in the period from September 26, 2012 up through and including the date of preliminary approval of the parties' Settlement by the United States District Court for the Northern District of California.

The Class does not include any persons who validly request exclusion from the Class, as described under Question 10. A person who does not exclude him or herself is a "Class Member" and will be bound by the Settlement.

If you have questions about whether you are part of the Class, you may call 1-XXX-XXX-XXXX or visit www.XXX.com for more information.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

| **5. What does the Settlement provide?** |
| --- |

Pivotal has agreed to pay $9,000,000 to be divided among all Class Members who submit a timely and valid Claim Form after any and all fees, costs, service awards, and settlement administration expenses have been deducted.

**6. How much will my payment be?**

Your share of the Settlement will depend on the number of Claim Forms that Class Members submit and other factors. Class Counsel estimate you will receive approximately $**[AMOUNT]** per claim, but this is only an estimate.

# HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

**7. How do I make a claim?**

To qualify for payment, you must submit a Claim Form by Month XX, XXXX. You may submit a Claim Form online by going to the Settlement Website at www.XXX.com and following the instructions. You also may download a paper Claim Form on the Settlement Website or call the Settlement Administrator at 1-XXX-XXX-XXXX to request a paper Claim Form. Claim Forms sent by mail must be postmarked by Month XX, XXXX and mailed to:

Pivotal Payments Settlement
Settlement Administrator
P.O. Box. XXXX
City, State Zip Code

**8. When will I get my payment?**

The Court will hold a hearing on Month XX, XXXX to decide whether to approve the Settlement. If the Settlement is approved, appeals may still follow. It is always uncertain whether these appeals can be resolved, and resolving them can take more than a year. Please be patient.

**9. What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself, you are staying in the Class and you will be a Class Member. That means you can't sue, continue to sue, or be part of any other lawsuit against Pivotal or any of the other Released Parties regarding the TCPA claims that are subject to the Settlement or any other Released Claim. If the Settlement is approved and becomes final and not subject to appeal, then you and all Class Members release all "Released Claims" against all "Released Parties." It also means that all of the Court's orders will apply to you and legally bind you.

The Settlement Agreement (available at www.XXX.com) describes the claims you are releasing (the "Released Claims") and against whom you are releasing claims ("Released Parties") in detail, so read it carefully. To summarize, the release includes TCPA claims that arise out of the improper use of an "automatic telephone dialing system" or an "artificial or prerecorded voice" to make telemarketing calls to cellular phones without consent by Pivotal or by third parties, including Gordon Rose and/or EPLJ on behalf of Pivotal.

The Settlement Agreement is between Plaintiff and Pivotal Payments, Inc., doing business as Capital Processing Network and CPN ("Pivotal") and their respective parent companies, subsidiaries, divisions, and related entities, past and present, as well as their employees, officers, directors, representatives, attorneys, insurers, partners, shareholders, joint venturers, owners, and successors and assigns. By staying in the Settlement, you **are not releasing** any claims for damages you may have against any vendors that may have placed calls on Pivotal's behalf, including EPLJ or Gordon Rose but you are releasing claims against Pivotal.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this Settlement, but you want to keep the right to sue or continue to sue Pivotal, then you must take steps to remove yourself from the Class. This is called excluding yourself—or is sometimes referred to as "opting out" of the Class.

| 10. How do I get out of the Settlement? |
|---|

To exclude yourself from the Settlement, you must send a letter to the Settlement Administrator saying that you want to be excluded from the *Abante Rooter and Plumbing, Inc. et al. v. Pivotal Payments, Inc. d/b/a Capital Processing Network and CPN* settlement. You must sign the letter and include a statement that you request to be excluded from the Settlement. Please be sure to include your name, address, telephone number, and signature. In order to be timely, your exclusion request must be postmarked no later than Month XX, XXXX, **and must be mailed to:**

Pivotal Payments Settlement
Settlement Administrator
P.O. Box XXXX
City, State Zip Code

You cannot exclude yourself on the phone or by fax or email. If you ask to be excluded, you will not get any payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Pivotal in the future.

| 11. If I don't exclude myself, can I sue Pivotalfor the same thing later? |
|---|

No. Unless you exclude yourself, you give up any right to sue Pivotal for the claims that this Settlement resolves. If you already have a lawsuit that may relate to the claims being released as part of this class Settlement, you should speak to your lawyer in that case immediately. You must exclude yourself from this Class to continue your own lawsuit. Remember, the exclusion deadline is Month XX, XXXX.

By staying in the case, you do not give up your right to sue EPLJ, Gordon Rose, or any other third party who may have placed calls but you are releasing Pivotal. Please consult a lawyer regarding your rights to seek relief from others.

| 12. If I exclude myself, can I get anything from this Settlement? |
|---|

No. If you exclude yourself, do not submit a claim to ask for a payment.

# THE LAWYERS REPRESENTING YOU

## 13. Do I have a lawyer in this case?

The Court has appointed Terrell Marshall Law Group PLLC, Broderick & Paronich, P.C., The Law Office of Matthew P. McCue, and Gibbs Law Group LLP to represent you and other Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 14. How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to $**[INSERT]** to them for attorneys' fees, together with $**[INSERT]** to cover out-of-pocket expenses. This amounts to XX% of the total $9,000,000 fund. This payment would pay Class Counsel for their time investigating the facts, litigating the case, and negotiating the Settlement. Class Counsel also will request a $25,000 service award for the Plaintiff. The Court may award less than this amount.

# OBJECTING TO THE SETTLEMENT

## 15. How do I object to the Settlement?

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you should object.

You may object to the Settlement in writing. You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. The written objection must (a) contain information sufficient to allow the parties to confirm that you are a member of the Class; and (b) include a statement of your specific objections, as well as any documents that you would like the Court to consider. You must send the written objection only to the Court, so that it is <u>received by</u> the Court no later than Month XX, XXXX.

*Abante Rooter and Plumbing, Inc. et al. v. Pivotal Payments, Inc.*
Case No. 3:16-cv-05486-JCS
Clerk of the Court
U.S. District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

## 16. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE COURT'S FAIRNESS HEARING

## 17. When and where will the Court hold a hearing on the fairness of the Settlement?

The Court will hold the final fairness hearing at X:00 x.m. on Month XX, XXXX, before the Honorable Joseph C. Spero at the U.S. District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom G – 15th Floor, San Francisco, CA 94102. The purpose of the hearing is for the Court to determine whether the Settlement is fair, reasonable, adequate, and in the best interests of the class. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed Settlement, including those related to the amount requested by Class Counsel for attorneys' fees and expenses and the incentive award to the Class Representative. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

**Note:** The date and time of the Final Approval Hearing are subject to change by Court Order. Any changes will be posted at the Settlement Website, www.XXX.com.

## 18. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come to the hearing at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed or mailed on time, and meets the other criteria described in the Settlement Agreement, the Court will consider it. You may also pay a lawyer to attend, but you don't have to.

## 19. May I speak at the hearing?

If you do not exclude yourself from the Class, you may speak at the hearing concerning any part of the proposed Settlement Agreement. The objection must be received at the address in Question 15, no later than Month XX, XXXX. You cannot speak at the hearing if you exclude yourself.

# IF YOU DO NOTHING

## 20. What happens if I do nothing at all?

If you do nothing, you'll get no money from this Settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Pivotal about the legal issues released in this case.

# GETTING MORE INFORMATION

**21. How do I get more information?**

You can call 1-XXX-XXX-XXXX toll free; write to the Pivotal Payments Settlement Administrator, P.O. Box XXXX, City, State Zip Code; or visit the Settlement Website at www.XXX.com, where you will find answers to common questions about the Settlement, a Claim Form, plus other information to help you determine whether you are a member of the Class. You also may contact Jennifer Murray at Terrell Marshall Law Group PLLC, 936 N. 34th Street, Suite 300, Seattle, Washington 98103. Ph. (206) 816-6603.

**PLEASE DO <u>NOT</u> CONTACT THE COURT, THE JUDGE, OR THE DEFENDANT WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS.**

— **EXHIBIT  4** —

Steven M. Tindall, SBN #187862
Email: smt@classlawgroup.com
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701

Beth E. Terrell, SBN #178181
Email: bterrell@terrellmarshall.com
Jennifer Rust Murray, *Admitted Pro Hac Vice*
Email: jmurray@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PIVOTAL PAYMENTS INC., d/b/a/ CAPITAL PROCESSING NETWORK and CPN,<br><br>Defendant. | NO.  3:16-cv-05486-JCS<br><br>**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT**<br><br>JURY TRIAL DEMAND<br><br>Complaint Filed:  September 26, 2016<br><br>DATE:<br>TIME:<br>LOCATION:  Courtroom G - 15th Floor |

This matter came before the Court upon consideration of Plaintiff's Motion for Final

Approval of Class Action Settlement and Class Counsel's Motion for an Award of Fees, Costs,

and a Class Representative Service Award. After considering the motions and the declarations

and exhibits submitted with the motions, the Court enters this Final Approval Order and

Judgment ("Final Approval Order"), which constitutes a final adjudication on the merits of all

claims of the Class. It is **HEREBY ORDERED** that the motions are **GRANTED**, the Class is

certified, the Agreement is approved, Class Counsel are awarded $____ in fees and costs, and a

Service Award is approved in the amount of $_____ for Plaintiff.

       **WHEREAS**, on or about _____, 2017, the Parties filed the Agreement (Docket No.

___) which sets forth the terms and conditions of the Settlement and release of certain claims

(i.e., the Released Claims) against Pivotal and all other Released Parties ("Settlement");

       **WHEREAS**, Plaintiff and Class Counsel have filed motions, pursuant to Rule 23 of the

Federal Rules of Civil Procedure, for orders finally approving the Agreement, which will dismiss

this Action with prejudice, and granting Class Counsel's request for an award of fees and costs,

and a service award to the Plaintiff;

       **WHEREAS**, the Court preliminary approved the Settlement on _____, and Notice was

given to Class Members pursuant to that Preliminary Approval Order;

       **WHEREAS**, the Court has reviewed and considered all papers filed in support of and in

opposition to the Settlement, and all exhibits thereto, and has held a hearing after Class Notice to

the Settlement Class was sent in order to confirm that the Settlement is fair, reasonable, and

adequate, and to determine whether the Final Approval Order should be entered in this Action

pursuant to the terms and conditions set forth in the Agreement ("Final Approval Hearing") on

_____, at which time the Parties and all interested persons were heard in support of and in

opposition to the Settlement; and

       **WHEREAS**, upon consideration of the above, the Court finds that the Settlement is fair,

adequate, and reasonable to the Class, within the authority of the Parties, and the result of

extensive arm's length negotiations with the guidance of an experienced mediator.

       **THEREFORE,** the following is **HEREBY ORDERED**:

1.     The Court has jurisdiction over the subject matter of this Action and personal jurisdiction over the Parties and the Class. The definitions and provisions of the Agreement are incorporated in this Order as though fully set forth herein.

2.     The definitions and provisions of the Agreement are incorporated in this Order as though fully set forth herein.

3.     Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the Class is certified as follows:

> All individuals, entities and persons to whom: (a) Pivotal Payments, Inc. doing business as Capital Processing Network and CPN (collectively, "Pivotal") and/or any third party acting or allegedly acting on Pivotal's behalf, including EPLJ Enterprises, LLC ("EPLJ") or Gordon Rose, made one or more non-emergency telephone calls; (b) promoting credit card processing services, other services, or goods of any kind; (c) to their cellular telephone number; (d) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; and (e) at any time in the period from September 26, 2012 up through and including XXXXX (i.e., the date of preliminary approval of the parties' Settlement by the United States District Court for the Northern District of California).

4.     For purposes of settlement, the Court appoints Plaintiff "Class Representative."

5.     For purposes of settlement, the Court appoints the attorneys at Broderick & Paronich, P.C., Terrell Marshall Law Group PLLC, The Law Offices of Matthew P. McCue, and Gibbs Law Group LLP as Class Counsel.

6.     If the Settlement terminates for any reason, the certification of the Class shall be automatically vacated, null and void, and this Action shall revert to its status immediately prior to the execution of the Agreement.

7.     The Court finds that the Class Notice given to members of the Class pursuant to the terms of the Agreement fully and accurately informed Class Members of all material elements of the Settlement and constituted valid, sufficient, and due notice to all such members. The Class Notice fully complied with due process, Rule 23 of the Federal Rules of Civil

Procedure, and with all other applicable law. Accordingly, the Court makes final the conditional certification set forth in the Preliminary Approval Order.

8.      Those who timely submitted valid requests for exclusion are excluded from the Class and are not bound by this Final Approval Order.  Attached hereto as <u>Exhibit A</u> is a list of all individuals who timely and validly opted out of the Class.

9.      The Court finally approves this Settlement, and finds that it is in all respects fair, reasonable, and adequate and in the best interest of the Class Members. The Parties dispute the validity of the claims in the Action, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds that Agreement to be fair, reasonable, and adequate. Beyond facing uncertainty regarding the resolution of those issues by continuing to litigate, Class Members would also face the challenge of surviving an appeal of any summary judgment or class certification order entered in this action, and any other rulings rendered during trial. Class Counsel have reviewed the Agreement and find it to be in the best interest of Class Members. For all these reasons, the Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of Settlement approval.

10.     The Parties, their counsel, and the Settlement Administrator shall fulfill their obligations and duties under the Agreement.

11.     The Court dismisses with prejudice this Action, the Released Claims, and the Released Parties, and adjudges that the Released Claims are released against the Released Parties.

12.     The Court adjudges that Plaintiff and the Class Members are deemed to have fully, finally, completely, and forever released, relinquished, and discharged the Released Claims against the Released Parties.

13.     Plaintiff and the Class Members are permanently enjoined and barred from asserting, initiating, prosecuting, or continuing any of the Released Claims against the Released Parties.

14.     The Settlement Administrator completed the delivery of Class Notice according to the terms of the Agreement.  The Class Notice apprised the Class Members of the pendency of the litigation; of all material elements of the proposed Settlement, including but not limited to the relief afforded the Class under the Agreement; of the res judicata effect on members of the class and of their opportunity to object to, comment on, or opt out of, the Settlement; of the identity of Class Counsel and Class Counsel's contact information; of the right to appear at the Final Approval Hearing and was the best practicable notice under the circumstances.  The notice program prescribed by the Agreement was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all parties entitled to such Class Notice.  The Class Notice given to members of the Class satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process.  The Class Notice was reasonably calculated under the circumstances to apprise Class Members of the pendency of this Action, all material elements of the Settlement, and their opportunity to exclude themselves from, object to the Settlement, and appear at the final fairness hearing.  The Court has afforded a full opportunity to all Class Members to be heard.  Accordingly, the Court determines that all members of the Class, except those who timely excluded themselves from the Class, are bound by this Final Approval Order.

16.     Within ten (10) days after the filing of the proposed Agreement in the Court, a notice of the proposed Settlement was served upon the appropriate state official of each State in which a Class Member resides and upon the Attorney General of the United States. The Court finds that the notice provided satisfied the requirements of 28 U.S.C. § 1715(b) and that more than ninety (90) days have elapsed since the required notice was provided, as required by 28 U.S.C. § 1715(d).

17.     The Court approves payment of attorneys' fees and costs to Class Counsel in the amount of $____.  These amounts shall be taken out of the Gross Settlement Fund that is paid by Pivotal Payments, Inc. pursuant to the terms of the Agreement. The Court finds these amounts to be appropriate and reasonable in light of the work performed by Class Counsel and the benefits

obtained by the Class Members. In addition, the Court finds that the Agreement was negotiated at arms' length and without collusion.

18.     The Court approves payment of a Service Award to Plaintiff in the amount of $____. This amount shall be taken out of the Gross Settlement Fund that is paid by Pivotal Payments, Inc. pursuant to the terms of the Agreement.

19.     Neither this Final Approval Order nor the Agreement is an admission or concession by Pivotal or any of the other Released Parties of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Final Approval Order and the Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault or omission by Pivotal or any of the other Released Parties or any other person in connection with any transaction, event or occurrence, and neither this Final Approval Order nor the Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Approval Order, the Agreement, and all releases given thereunder, or to establish the affirmative defenses of *res judicata* or collateral estoppel barring the pursuit of claims released in the Agreement. This Final Approval Order also does not constitute any opinion or position of the Court as to the merits of the claims and defenses related to this Action.

20.     Upon the Effective Date, the Class Representative and each Participating Class Member will be deemed to have completely released and forever discharged the Released Parties from the Released Claims. Released Claims means any and all claims based on or arising out of the Telephone Consumer Protection Act, 47 U.S.C. § 227, as well as any similar state law that are, or which could have been, asserted in the Action, up through _____ (i.e., the Court's entry of the Preliminary Approval Order). The Released Claims do not include any claims that Class Members may have against EPLJ Enterprises, LLC, Gordon Rose, or any other vendor alleged to have placed calls on the Released Parties' behalf. However, the Released Claims do include any and all claims that Participating Class Members could have asserted against the Released Parties

1  based on telephone calls placed by EPLJ Enterprises, LLC, Gordon Rose or any other vendor to
2  the extent those persons are alleged to have placed any telephone calls on behalf of any of the
3  Released Parties.

4      21.    As of the Effective Date, Plaintiff also will have released any further claim,
5  whether by lawsuit, administrative claim or action, arbitration, demand, or other action of any
6  kind to obtain a recovery based on any claim that could have been asserted against Pivotal as
7  well as any other Released Party. Without limiting the generality of the foregoing general release
8  provided by Plaintiff in any way, Plaintiff's Released Claims include, but are not limited to, any
9  and all claims, charges, complaints, claims, liabilities, obligations, promises, agreements,
10  controversies, damages, penalties, actions, causes of action, suits, rights, demands, costs, losses,
11  debts, and expenses (including attorney fees and costs), known or unknown, at law or in equity,
12  which it may have against Pivotal or any of the other Released Parties up through and including
13  the Preliminary Approval Date. Plaintiff's Released Claims include all claims described above,
14  whether known or unknown. Thus, even if Plaintiff discovers facts in addition to or different
15  from those that it now knows or believes to be true with respect to the subject matter of its
16  released claims, those claims will remain released and forever barred. Therefore, Plaintiff
17  expressly waives and relinquishes the provisions, rights and benefits of Section 1542 of the
18  California Civil Code and any analogous law, statute, or rule. Section 1542 provides as follows:

19          "A general release does not extend to claims which the creditor
20          does not know or suspect to exist in his or her favor at the time of
21          executing the release, which if known by him or her must have
22          materially affected his or her settlement with the debtor."

23  Plaintiff has acknowledged that it is aware of and familiar with the provisions of Section 1542 of
24  the California Civil Code, and being aware of Section 1542, as of the Effective Date will have
25  waived and relinquished all rights and benefits it may have under Section 1542 as well as any
26  other statute or common law principle of a similar effect. To the extent permitted by law, if a
27  claim is prosecuted in its name against Pivotal or any of the other Released Parties before any

court, arbitrator, or administrative agency, Plaintiff has waived, and agreed not to take, any award of money or other damages from such proceeding. If a claim is prosecuted in its name against Pivotal or any of the other Released Parties that, upon a written request by Pivotal or Pivotal's Counsel, Plaintiff will immediately request in writing that the claim on its behalf be withdrawn.

22.     If Final Approval does not occur because this order is reversed on appeal or for any other reason, the Parties shall be returned to the status quo ex ante, for all litigation purposes, as if no Settlement had been negotiated or entered into and thus this Final Approval Order and all other findings or stipulations regarding the Settlement shall be automatically void, vacated, and treated as if never filed.

23.     The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement, including the implementation and enforcement of the Agreement.

24.     There were ___ objections to the Settlement. They are all overruled.

25.     The Court finds that no justifiable reason exists for delaying entry of this Final Approval Order and, good cause appearing, it is expressly directed that this Final Approval Order and Judgment be entered as a final and appealable order and the case dismissed with prejudice.

**HEREFORE,** the Clerk of the Court is **HEREBY ORDERED** to enter this Final Approval Order and Judgment.

IT IS HEREBY ORDERED.

DATED this _____ day of _____, 2018.

_____
UNITED STATES DISTRICT JUDGE

— **EXHIBIT 5** —

1  Steven M. Tindall, SBN #187862
   Email: smt@classlawgroup.com
2  GIBBS LAW GROUP LLP
   505 14th Street, Suite 1110
3  Oakland, California 94612
   Telephone: (510) 350-9700
4  Facsimile: (510) 350-9701

5
   Beth E. Terrell, SBN #178181
6  Email: bterrell@terrellmarshall.com
   Jennifer Rust Murray, *Admitted Pro Hac Vice*
7  Email: jmurray@terrellmarshall.com
   936 North 34th Street, Suite 300
8  Seattle, Washington 98103
   Telephone: (206) 816-6603
9  Facsimile: (206) 319-5450

10
   [Additional Counsel Appear on Signature Page]
11
   *Attorneys for Plaintiff and the Proposed Class*
12
13             UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF CALIFORNIA
14

15 | ABANTE ROOTER AND PLUMBING, | NO.  3:16-cv-05486-JCS |

ABANTE ROOTER AND PLUMBING,
INC., individually and on behalf of all others
similarly situated,

        Plaintiff,

    v.

PIVOTAL PAYMENTS INC., d/b/a/
CAPITAL PROCESSING NETWORK and
CPN,

        Defendant,

NO.  3:16-cv-05486-JCS

**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**

JURY TRIAL DEMAND

Complaint Filed:  September 26, 2016

DATE:
TIME:
LOCATION:  Courtroom G - 15th Floor

        Plaintiff Abante Rooter and Plumbing, Inc. on behalf of itself and a proposed Class

("Plaintiff") and Pivotal Payments Inc., d/b/a Capital Processing Network and CPN ("Pivotal")

(Plaintiff and Pivotal together constitute the "Parties") have entered into a Settlement Agreement

("Settlement Agreement" or "Agreement"), providing for a settlement of this case (the "Settlement").

Plaintiff has moved for, and Pivotal has indicated that it does not oppose entry of this order, which (a) conditionally certifies the Class (as defined below) for settlement purposes only; (b) appoints the Settlement Administrator; (c) provides for notice of the Settlement to Class Members in accordance with the terms of the Settlement Agreement; (d) establishes procedures for objecting to, and opting out of, the proposed Settlement; and (e) sets a date for hearing to finally approve the settlement ("Final Approval Hearing").

The Court has considered the terms of the Settlement Agreement in light of the issues presented by the pleadings, the record in this case, the complexity of the proceedings, the absence of any evidence of collusion between the Parties, and the experience of Class Counsel and is preliminarily satisfied that the Settlement Agreement is fair, reasonable and adequate. The Court also is satisfied that the plan for sending notice of the Settlement to the Class is adequate, sufficiently informs Class Members of the Settlement's terms and of the conditional certification of the Class, and satisfies the requirements set forth in Federal Rule of Civil Procedure 23 and due process.

**THEREFORE, IT IS ORDERED THAT:**

1. The Court has jurisdiction over the subject matter of this Action and personal jurisdiction over the Parties and the conditionally certified Class, as defined below.

2. This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.

3. The Parties have agreed to and the Court provisionally certifies the following "Class" for purposes of settlement:

> All individuals, entities and persons to whom: (a) Pivotal Payments, Inc., d/b/a Capital Processing Network and CPN and/or any third party acting or allegedly acting on Pivotal's behalf, including EPLJ Enterprises, LLC ("EPLJ") or Gordon Rose, made one or more non-emergency telephone

calls; (b) promoting credit card processing services, other services, or goods of any kind; (c) to their cellular telephone number; (d) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; and (e) at any time in the period from September 26, 2012 up through and including the date of preliminary approval of the parties' Settlement by the United States District Court for the Northern District of California.

4.    Based on the Court's review of the Settlement Agreement, the Motion for Preliminary Approval, the supporting memorandum, declarations of counsel, argument of counsel, and the entire record, the Court finds that conditional certification of the Class for settlement purposes only is appropriate under Federal Rule of Civil Procedure 23 because the Class is so numerous that joinder would be impracticable, the Action presents common issues of law and fact that predominate over any individual questions, the Named Plaintiff's claims are typical of the Class Members' claims, and the Named Plaintiff and its counsel are adequate representatives of the Class.

5.    Based on the Court's review of the Settlement Agreement, the Motion for Preliminary Approval, the supporting memorandum, declarations of counsel, argument of counsel, and the entire record, the Court finds that the Settlement is fair, reasonable, and adequate. Plaintiff's motion to preliminarily approve the Settlement and certify the Class is granted. The Court appoints Abante Rooter and Plumbing, Inc. as Class Representative and Broderick & Paronich, P.C., Terrell Marshall Law Group PLLC, The Law Offices of Matthew P. McCue, and Gibbs Law Group LLP as Class Counsel.

6.    The Court appoints Epiq Systems, Inc. as Settlement Administrator, which shall fulfill the functions, duties, and responsibilities of the Settlement Administrator as set forth in the Agreement and this Order. By accepting this appointment, the Settlement Administrator has agreed to the Court's jurisdiction solely for purposes of enforcement of the Settlement Administrator's obligations under the Settlement Agreement.

7.    The Court has reviewed the declaration that the Settlement Administrator filed with the Court attaching the "Notice of Class Action Settlement Pursuant to 28 U.S.C. § 1715"

1   that the Settlement Administrator served upon the various state attorneys general on ____ and

2   finds that the notice has been timely served upon the appropriate officials and adequately

3   satisfies that statute's requirements.

4        8.    The Settlement Administrator shall mail the Postcard Notice in the manner

5   described in section 6.2 of the Settlement Agreement. The Postcard Notice will be in

6   substantially the form of Exhibit 2 of the Settlement Agreement. Non-substantive changes may

7   be made to the Postcard Notice by agreement of the Parties without further order of the Court.

8        9.    The Court finds that the method of providing notice to Class Members specified

9   in section 6 of the Settlement Agreement and the manner of providing for exclusion requests and

10   objections to the Settlement specified in sections 6.4 and 6.5 are reasonable and appropriate, and

11   satisfy the requirements of due process and the Federal Rules of Civil Procedure.

12        10.    The Court directs the Settlement Administrator to file with the Court no later than

13   ____ a sworn declaration containing the information set forth in section 6.6.2 of the Settlement

14   Agreement. This information includes (a) confirmation that the Postcard Notice was mailed to

15   Class Members as section 6.2 requires and (b) an accurate list of persons who opted out of the

16   Settlement Class pursuant to section 6.4.2.

17        11.    If the Effective Date does not occur, the Parties will return to the status quo ex

18   ante, for all litigation purposes, as if no settlement had been negotiated or entered into and thus

19   this Order and all other findings or stipulations regarding the settlement, including but not

20   limited to, certification of the Settlement Class will be automatically void, vacated, and treated as

21   if never filed.

22        12.    The Court will hold a Final Approval Hearing on ____ to finally determine

23   whether the prerequisites for class certification and treatment under Rule 23(a) and (b) of the

24   Federal Rules of Civil Procedure are met; to determine whether the settlement is fair, reasonable,

25   and adequate, and should be approved by the Court; to determine whether the Final Approval

26   Order and Judgment should be entered; to consider the application for attorneys' fees and

27   expenses of Class Counsel; to consider the application for service awards to the Class

1  Representative; and to rule on any other matters that the Court may deem appropriate. At the

2  Final Approval Hearing, the Court may enter the Final Approval Order and Judgment in

3  accordance with the Agreement that will adjudicate the rights of Class Members.

4      13.    Any interested person who has not opted out of the Class may appear at the Final

5  Approval Hearing to show cause why the proposed Settlement should or should not be approved

6  as fair, reasonable, and adequate; provided, however, that no person shall be heard or entitled to

7  contest the approval of the Settlement unless that person has filed with the Court a written

8  objection and any supporting papers or briefs on or before _____. Pursuant to the Court's

9  Procedural Guidelines for Class Action Settlements, the Court will scan all objections into the

10 electronic case docket and the parties will receive electronic notices of filing. The Court will

11 consider all properly submitted objections. Any Class Member who does not submit an objection

12 in the manner provided above shall be deemed to have waived any objection to the Settlement

13 and shall forever be foreclosed from making any objection to conditional class certification of

14 the Settlement, to the fairness, adequacy or reasonableness of the Settlement, and to any

15 attorneys' fees, cost reimbursements, or Service Award to the named Plaintiff approved by the

16 Court.

17     14.    Class Counsel's request for approval of attorneys' fees, litigation costs, and a

18 Service Award shall be filed on or before _____, which is thirty days before the deadline for

19 Class Members to opt out or object to the Settlement. This deadline complies with the

20 requirements set forth in *In re Mercury Interactive Corp.*, 618 F.3d 988, 994 (9th Cir.2010).

21     15.    All memoranda, declarations, responses to objections, and other evidence in

22 support of the request for final approval of the Settlement shall be filed on or before ___.

23     16.    All proceedings in this Action other than those that are necessary to carry out, or

24 incidental to carrying out, the terms and conditions of this Order are stayed and suspended until

25 further order of the Court.

26     17.    Pending entry of the Final Approval Order and Judgment, the Named Plaintiff,

27 Class Members, and any person or entity allegedly acting on behalf of the Class, either directly,

representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to individual claims of any Class Members who timely exclude themselves in a manner that complies with this Order.  This injunction is necessary to protect and effectuate the settlement, this Order, and the Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

18.     The Court retains jurisdiction over the Action and all matters arising out of or connected with the proposed Settlement. The Court reserves the right to adjourn or continue the date of the Final Approval Hearing without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the settlement. The Court may approve or modify the settlement without further notice to Class Members.

19.     The following timeline will govern proceedings through the Final Approval Hearing:

| DEADLINE | EVENT |
| --- | --- |
| Thirty days after entry of this Order | Deadline to mail notice |
| Sixty days after the Settlement Administrator mails notice | Deadline for Class Counsel to file fee petition and request for service awards |
| Ninety days after the Settlement Administrator mails notice | Deadline for Settlement Class Members to submit claims, exclusion requests, and objections |
| Twenty days after the Objection/Exclusion/Claim deadline | Deadline to file responses to objections, motion for final approval, and declaration from Settlement Administrator |
| At the court's convenience but no earlier than 175 days after entry of this order | Final Approval Hearing |

1    IT IS HEREBY ORDERED.

2    DATED this ___ day of _____, 2017.

3

4                                    _____

5                                    HONORABLE JOSEPH C. SPERO
                                     UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27