1  Steven M. Tindall, SBN #187862
   Email: smt@classlawgroup.com
2  GIBBS LAW GROUP LLP
   505 14th Street, Suite 1110
3  Oakland, California 94612
   Telephone: (510) 350-9700
4  Facsimile: (510) 350-9701

5
   Beth E. Terrell, SBN #178181
6  Email:  bterrell@terrellmarshall.com
   Jennifer Rust Murray, *Admitted Pro Hac Vice*
7  Email:  jmurray@terrellmarshall.com
   936 North 34th Street, Suite 300
8  Seattle, Washington 98103
   Telephone:  (206) 816-6603
9  Facsimile:  (206) 319-5450

10
   [Additional Counsel Appear on Signature Page]
11
   *Attorneys for Plaintiff and the Proposed Class*
12

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PIVOTAL PAYMENTS INC., d/b/a/ CAPITAL PROCESSING NETWORK and CPN,<br><br>Defendant, | NO.  3:16-cv-05486-JCS<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING AMENDED CLASS ACTION SETTLEMENT**<br><br>JURY TRIAL DEMAND<br><br>Complaint Filed: September 26, 2016<br><br>DATE:<br>TIME:<br>LOCATION:  Courtroom G - 15th Floor |

Plaintiff Abante Rooter and Plumbing, Inc. on behalf of itself and a proposed Class ("Plaintiff") and Pivotal Payments Inc., d/b/a Capital Processing Network and CPN ("Pivotal") (Plaintiff and Pivotal together constitute the "Parties") have entered into an Amended Settlement

[PROPOSED] ORDER PRELIMINARILY APPROVING AMENDED CLASS
ACTION SETTLEMENT - 1
CASE NO. 3:16-CV-05486-JCS

Agreement ("Amended Settlement Agreement" or "Amended Agreement"), providing for a settlement of this case (the "Amended Settlement").

Plaintiff has moved for, and Pivotal has indicated that it does not oppose entry of this order, which (a) conditionally certifies the Class (as defined below) for settlement purposes only; (b) appoints the Settlement Administrator; (c) provides for notice of the Amended Settlement to Class Members in accordance with the terms of the Amended Settlement Agreement; (d) establishes procedures for objecting to, and opting out of, the proposed Amended Settlement; and (e) sets a date for hearing to finally approve the Amended Settlement ("Final Approval Hearing").

The Court has considered the terms of the Amended Settlement Agreement in light of the issues presented by the pleadings, the record in this case, the complexity of the proceedings, the absence of any evidence of collusion between the Parties, and the experience of Class Counsel and is preliminarily satisfied that the Amended Settlement Agreement is fair, reasonable, and adequate. The Court also is satisfied that the plan for sending notice of the Amended Settlement to the Class is adequate, sufficiently informs Class Members of the Amended Settlement's terms and of the conditional certification of the Class, and satisfies the requirements set forth in Federal Rule of Civil Procedure 23 and due process.

**THEREFORE, IT IS ORDERED THAT:**

1. The Court has jurisdiction over the subject matter of this Action and personal jurisdiction over the Parties and the conditionally certified Class, as defined below.

2. This Order incorporates by reference the definitions in the Amended Settlement Agreement, and all capitalized terms used in this Order will have the same meanings as set forth in the Amended Settlement Agreement, unless otherwise defined in this Order.

3. The Parties have agreed to and the Court provisionally certifies the following "Class" for purposes of settlement:

> All individuals, entities and persons to whom: (a) EPLJ or Gordon Rose made one or more non-emergency telephone calls; (b) allegedly on Pivotal's behalf; (c) promoting credit card processing services, other

services, or goods of any kind; (d) to their cellular telephone number; (e) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; and (f) at any time in the period from April 15, 2016 up through and including September 2, 2016.

4. Based on the Court's review of the Amended Settlement Agreement (Dkt. #92-1), the Motion for Preliminary Approval (Dkt. #91), Plaintiff's supporting memorandum (Dkt. #91), declarations of Plaintiff's counsel (Dkt. ##71-74, 92), the declaration of Plaintiff (Dkt. #75), the declaration of the Settlement Administrator (Dkt. #93), Defendant's memorandum in support of the settlement (Dkt. #95), the declaration of Defendant's counsel (Dkt. #96), the unredacted declaration of Phillip Fayer (Dkt. #93-4-sealed), Plaintiff's Supplemental Submission in Support of Plaintiff's Renewed Motion for Preliminary Approval and the exhibits attached thereto, argument of counsel, and the entire record, the Court finds that conditional certification of the Class for settlement purposes only is appropriate under Federal Rule of Civil Procedure 23 because the Class is so numerous that joinder would be impracticable, the Action presents common issues of law and fact that predominate over any individual questions, the Named Plaintiff's claims are typical of the Class Members' claims, and the Named Plaintiff and its counsel are adequate representatives of the Class.

5. Based on the Court's review of the Amended Settlement Agreement, the Motion for Preliminary Approval, the supporting memoranda, declarations of counsel, argument of counsel, and the entire record, the Court finds that the Amended Settlement is fair, reasonable, and adequate. Plaintiff's motion to preliminarily approve the Amended Settlement and certify the Class is granted. The Court appoints Abante Rooter and Plumbing, Inc. as Class Representative and Broderick & Paronich, P.C., Terrell Marshall Law Group PLLC, The Law Offices of Matthew P. McCue, and Gibbs Law Group LLP as Class Counsel.

6. The Court appoints Epiq Systems, Inc. as Settlement Administrator, which shall fulfill the functions, duties, and responsibilities of the Settlement Administrator as set forth in the Amended Agreement and this Order. By accepting this appointment, the Settlement

1  Administrator has agreed to the Court's jurisdiction solely for purposes of enforcement of the
2  Settlement Administrator's obligations under the Amended Settlement Agreement.

3       7.    The Settlement Administrator shall mail the Postcard Notice in the manner
4  described in section 6.2 of the Amended Settlement Agreement. The Postcard Notice will be in
5  substantially the form of Exhibit 1 to Plaintiff's Supplemental Submission in Support of
6  Renewed Motion for Preliminary Approval. Non-substantive changes may be made to the
7  Postcard Notice by agreement of the Parties without further order of the Court.

8       8.    The Court finds that the method of providing notice to Class Members specified
9  in section 6 of the Amended Settlement Agreement and the manner of providing for exclusion
10 requests and objections to the Amended Settlement specified in sections 6.4 and 6.5 are
11 reasonable and appropriate, and satisfy the requirements of due process and the Federal Rules of
12 Civil Procedure.

13      9.    The Court directs the Settlement Administrator to file with the Court no later than
14 July 20, 2018 a sworn declaration containing the information set forth in section 6.6.2 of the
15 Amended Settlement Agreement. This information includes (a) confirmation that the Postcard
16 Notice was mailed to Class Members as section 6.2 requires; (b) an accurate list of persons who
17 opted out of the Settlement Class pursuant to section 6.4.2; and (c) confirmation that the
18 Settlement Administrator complied with 28 U.S.C. § 1715 by serving notice of the settlement
19 upon the various state attorneys general and any other appropriate officials.

20      10.    If the Effective Date as defined in the Amended Settlement does not occur, the
21 Parties will return to the status quo ex ante, for all litigation purposes, as if no settlement had
22 been negotiated or entered into and thus this Order and all other findings or stipulations
23 regarding the Amended Settlement, including but not limited to, certification of the Settlement
24 Class will be automatically void, vacated, and treated as if never filed.

25      11.    The Court will hold a Final Approval Hearing on October 5, 2018 to finally
26 determine whether the prerequisites for class certification and treatment under Rule 23(a) and (b)
27 of the Federal Rules of Civil Procedure are met; to determine whether the Amended Settlement

is fair, reasonable, and adequate, and should be approved by the Court; to determine whether the Final Approval Order and Judgment should be entered; to consider the application for attorneys' fees and expenses of Class Counsel; to consider the application for service awards to the Class Representative; and to rule on any other matters that the Court may deem appropriate. At the Final Approval Hearing, the Court may enter the Final Approval Order and Judgment in accordance with the Amended Agreement that will adjudicate the rights of Class Members.

12. Any interested person who has not opted out of the Class may appear at the Final Approval Hearing to show cause why the proposed Amended Settlement should or should not be approved as fair, reasonable, and adequate; provided, however, that no person shall be heard or entitled to contest the approval of the Amended Settlement unless that person has filed with the Court a written objection and any supporting papers or briefs on or before June 29, 2018. Pursuant to the Court's Procedural Guidelines for Class Action Settlements, the Court will scan all objections into the electronic case docket and the parties will receive electronic notices of filing. The Court will consider all properly submitted objections. Any Class Member who does not submit an objection in the manner provided above shall be deemed to have waived any objection to the Amended Settlement and shall forever be foreclosed from making any objection to conditional class certification of the Amended Settlement, to the fairness, adequacy or reasonableness of the Amended Settlement, and to any attorneys' fees, cost reimbursements, or Service Award to the named Plaintiff approved by the Court.

13. Class Counsel's request for approval of attorneys' fees, litigation costs, and a Service Award shall be filed on or before May 28, 2018, which is thirty days before the deadline for Class Members to opt out or object to the Amended Settlement. This deadline complies with the requirements set forth in *In re Mercury Interactive Corp.*, 618 F.3d 988, 994 (9th Cir.2010).

14. All memoranda, declarations, responses to objections, and other evidence in support of the request for final approval of the Amended Settlement shall be filed on or before July 20, 2018.

[PROPOSED] ORDER PRELIMINARILY APPROVING AMENDED CLASS ACTION SETTLEMENT - 5
CASE NO. 3:16-CV-05486-JCS

15. All proceedings in this Action other than those that are necessary to carry out, or incidental to carrying out, the terms and conditions of this Order are stayed and suspended until further order of the Court.

16. Pending entry of the Final Approval Order and Judgment, the Named Plaintiff, Class Members, and any person or entity allegedly acting on behalf of the Class, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to individual claims of any Class Members who timely exclude themselves in a manner that complies with this Order. This injunction is necessary to protect and effectuate the Amended Settlement, this Order, and the Court's flexibility and authority to effectuate this Amended Settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

17. The Court retains jurisdiction over the Action and all matters arising out of or connected with the proposed Amended Settlement. The Court reserves the right to adjourn or continue the date of the Final Approval Hearing without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the Amended Settlement. The Court may approve or modify the Amended Settlement without further notice to Class Members.

18. The following timeline will govern proceedings through the Final Approval Hearing:

| DEADLINE | EVENT |
| --- | --- |
| April 27, 2018 | Deadline to mail notice |
| May 28, 2018 | Deadline for Class Counsel to file fee petition and request for service awards |
| June 29, 2018 | Deadline for Settlement Class Members to submit claims, exclusion requests, and |

|  |  |
|---|---|
|  | objections |
| July 20, 2018 | Deadline to file responses to objections, motion for final approval, and declaration from Settlement Administrator |
| October 5, 2018 at 2:00 PM | Final Approval Hearing |

IT IS HEREBY ORDERED.

DATED this 27th day of March, 2018.

_____
HONORABLE JOSEPH C. SPERO
UNITED STATES MAGISTRATE JUDGE

[PROPOSED] ORDER PRELIMINARILY APPROVING AMENDED CLASS
ACTION SETTLEMENT - 7
CASE NO. 3:16-CV-05486-JCS

## CERTIFICATE OF SERVICE

I, Jennifer Rust Murray, hereby certify that on March 28, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Antony Buchignani, SBN #186528
>Email:  tbuchignani@tocounsel.com
>Drew Hansen, SBN #218382
>Email:  dhansen@tocounsel.com
>Amy Burke, SBN #276699
>Email:  aburke@tocounsel.com
>THEODORA ORINGHER PC
>1840 Century Park East, Suite 500
>Los Angeles, California 90067-2120
>Telephone: (310) 557-2009
>Facsimile: (310) 551-0283
>
>*Attorneys for Defendant*

DATED this 28th day of March, 2018.

>TERRELL MARSHALL LAW GROUP PLLC
>
>
>By:  /s/ Jennifer Rust Murray, *Admitted Pro Hac Vice*
>Jennifer Rust Murray, *Admitted Pro Hac Vice*
>Email: jmurray@terrellmarshall.com
>936 North 34th Street, Suite 300
>Seattle, Washington  98103
>Telephone:  (206) 816-6603
>Facsimile:  (206) 319-5450
>
>*Attorneys for Plaintiff*