UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., <br> Plaintiff, <br> v. <br> PIVOTAL PAYMENTS, INC., <br> Defendant. | Case No. 16-cv-05486-JCS <br><br> **ORDER RE OBJECTION OF ROUTE 42 DANCE ACADEMY, LLC** |

On June 29, 2018, class member Route 42 Dance Academy, LLC ("Objector"), filed an objection to the proposed settlement in this action. Objector asserted, among other things, that class members could not meaningfully participate in the process governing approval of class action settlements under Rule 23 of the Federal Rules of Civil Procedure without access to a declaration by Pivotal's director, Philip Fayer ("Fayer Decl."), addressing Pivotal's financial condition. *See* Dkt. No. 94-3. The Court permitted Pivotal to file that declaration under seal. According to Objector, the Fayer Declaration must be unsealed to allow class members to make their own determination as to whether the amount of the proposed settlement is reasonable. The Court disagrees.

First, the Court finds that Pivotal offered compelling reasons for sealing the financial information contained in the declaration and that those reasons still exist. *See Keirsey v. eBay, Inc*, No. 12-CV-01200-JST, 2013 WL 5609318, at *2 (N.D. Cal. Oct. 11, 2013) (holding that "compelling reasons" standard applies to "a motion seeking the Court's preliminary approval of the settlement of the case [because such a motion] may be effectively dispositive"). In particular, Pivotal supplied a declaration by its counsel attesting that the Fayer Declaration contains

"sensitive financial information that, in the normal course of Pivotal's business, is only available to Pivotal's most senior officers." Goldstein Decl. ¶ 3. It is also apparent on its face that the information contained in the Fayer Declaration, if publicly disclosed, could harm Pivotal's business interests. *See Johnson v. Quantum Learning Network, Inc.*, No. 15-CV-05013-LHK, 2016 WL 4472993, at *2 (N.D. Cal. Aug. 22, 2016) (finding that there were compelling reasons to seal "sensitive financial information of Defendant that, if made public, could harm Defendant's business interests"). Moreover, the sealing order was narrowly tailored because all of the information contained in the Fayer Declaration constituted sensitive financial information that would harm Pivotal's business interests if made public.

Second, the Court finds that sealing of the Fayer Declaration has not impaired the ability of the class members to evaluate the fairness of the settlement. The Fayer Declaration is the only substantive document in the case that has been filed under seal. Consequently, the public record contains the vast majority of the information that is relevant to the fairness of the settlement. Even as to Pivotal's financial condition, the public record reveals that Pivotal is uninsured and that Plaintiffs' counsel determined in the course of the parties' settlement negotiations that Pivotal would be unable to pay the potential judgment that might be awarded, running into the billions of dollars. *See* Docket No. 92 (Rust Declaration) ¶ 3 ("During the mediation, we were told that Pivotal was uninsured and did not have the money to fund a large settlement. We did not simply take these assertions at face value. We demanded that Pivotal provide financial documentation supporting its assertions, which it did."). The Court therefore concludes that class members had sufficient information to evaluate the proposed settlement.

The Court further notes that class members could have contacted class counsel to inquire about obtaining access to the Fayer Declaration but none (including Objector) did. Nor did any class member other than Objector ask the Court to order that the Fayer Declaration be unsealed. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009) (overruling objections by class members who objected to settlement agreement on the basis that they did not have access to certain documents that were sealed pursuant to a protective order where objectors did not "take advantage of access which was provided and sought to unseal those records more than three weeks

after the deadline for filing objections"). Had they done so prior to the deadline for filing an objection they almost certainly would have been permitted access to the Fayer Declaration so long as they agreed to be bound by the protective order in this case.

Notwithstanding the Court's conclusion that the Fayer Declaration should not be unsealed, however, the Court will permit Objector to review that declaration upon the condition that Objector and Objector's counsel agree to be bound by the protective order in this case. Pivotal has specifically proposed this remedy as one that is "narrowly tailored to address the specific harm alleged by the Objection, while avoiding the delay, harm, and disruption that would result if the Confidential Information were unsealed and made public."

The Court therefore orders as follows: 1) Objector shall file a notice by **July 27, 2018** stating its intent to seek access to the Fayer Declaration and agreeing that both Objector and Objector's counsel shall be bound to the terms of the protective order in this case; or alternatively, Objector shall file a notice by that date that it does *not* intend to seek access to the Fayer Declaration; 2) If Objector intends to seek access to the Fayer Declaration and both Objector and its counsel agree to be bound by the protective order, Pivotal shall provide Objector's counsel with a copy of the protective order no later than close of business on **July 30, 2018**; 3) Objector and Objector's counsel shall sign and return the protective order by **July 31, 2018** and within 24 hours of receipt of the signed protective order, Pivotal shall provide an unredacted copy of the Fayer Declaration to Objector's counsel; 4) Objector may file a supplemental objection addressing the information contained in the Fayer Declaration no later than **August 3, 2018. To the extent the supplemental objection contains information designated as confidential under the protective order, Objector shall follow the procedures set forth in Civil Local Rule 79-5(e) for filing the supplemental objection under seal.**

**IT IS SO ORDERED.**

Dated: July 24, 2018

JOSEPH C. SPERO
Chief Magistrate Judge

3