Timothy R. Hanigan (SBN 125791)
LANG, HANIGAN & CARVALHO, LLP
21550 Oxnard Street, Suite 760
Woodland Hills, CA 91367
Tel: (818) 883-5644
Fax: (818) 704-9372
Attorneys for Objector/Class Member,
Route 42 Dance Academy, LLC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., individually and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>PIVOTAL PAYMENTS INC., d/b/a CAPITAL PROCESSING NETWORK and CPN,<br><br>Defendant. | Case No. 3:16-cv-05486-JCS<br><br>**SUPPLEMENTAL OBJECTION OF ROUTE 42 DANCE ACADEMY, LLC** |

## INTRODUCTION

In the face of $17 billion in potential damages, class counsel offered essentially two justifications for a $9 million settlement ($5.5 million of which is earmarked for the class).[1] Dkt. 70, at 16. As the Dance Academy already explained, the idea that *Jones v. Royal Administration Services, Inc.*,[2] doomed class recovery is dubious at best. Dkt. 112, at 1-2, 7-11.

That leaves Pivotal Payment's financial status. Aside from assurances by the parties concerning Pivotal's financial woes and the ostensible lack of insurance, a sealed declaration from Pivotal's Director, Phillip Fayer (Dkt. 90-3, 90-4, 94-3) was the only thing to show Pivotal could pay no more than $9 million. But the declaration relies on outdated and unaudited financial records, and broadly categorizes expenses in such a way as to allow for a significant amount of hidden profit. The fact that class counsel took these documents at "face value" is telling. As proffered, the declaration and supporting unaudited records still amount to nothing more than self-serving assurances.

### I. This Court Should Still Unseal the Declaration.

Before reaching the defects in the declaration, the Dance Academy renews its

---

[1] This supplemental objection is raised in addition to the objections previously asserted in the Dance Academy's objection filed with this Court on June 29, 2018, which the Dance Academy incorporates herein by reference. Dkt. 112. The Dance Academy continues to assert all objections raised in that objection.

[2] 866 F.3d 1100 (9th Cir. 2017), *opin. amended and superseded*, 887 F.3d 443 (9th Cir. 2018).

request for the declaration to be unsealed so class members can make an informed choice on whether to opt out or object. *See Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 309 (6th Cir. 2016). The parties' mere assurances are not enough considering the conflicting interests at this stage.[3] *See In re: Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988, 994 (9th Cir. 2010) (because "the relationship between plaintiffs and their attorneys turns adversarial at the fee-setting stage, courts have stressed that when awarding attorneys' fees from a common fund, the district court must assume the role of fiduciary for the class plaintiffs"); *accord In re Southwest Voucher Litigation*, 799 F.3d 701, 712 (7th Cir. 2015) (a settling defendant only cares about its total settlement payments and keeping them as low as possible; "[j]udicial scrutiny of class action fee awards and class settlements more generally is based on the assumption that class counsel behave as economically rational actors who seek to serve their own interests first and foremost"). Nor does the lack of insurance necessarily control Pivotal's ability to fund a greater settlement.

The generic claim that the records contain sensitive financial information is not a compelling reason. *Ferrington v. McAfee, Inc.*, No. 10-CV-01455-LHK, 2013 WL 3814474, at *1 (N.D. Cal. July 22, 2013) ("hypothesis or conjecture" concerning harm will not support a sealing order). There has been no meaningful explanation as

---

[3] The notion that Pivotal "would be unable to pay the potential judgment that might be awarded, running into the billions of dollars[,]" is obviously not the same as saying Pivotal cannot pay in excess of $9 million. *See* Dkt. 123, at 2 (citing Dkt. 92 ¶ 3).

to how Pivotal's competitors could obtain advantage from the release of the information. *See Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (noting that "harm [to] a litigant's competitive standing" is a "compelling reason" to seal information). There is no proprietary or trade secret information contained in the declaration. Further, "corporations do not have a right of privacy protected by the California Constitution." *SCC Acquisitions, Inc. v. Superior Court*, 243 Cal. App. 4th 741, 755–56, 196 Cal. Rptr. 3d 533, 544–45 (2015) (because corporation's "privacy right is not constitutionally protected," courts employ balancing test between the right discovery and the corporate right of privacy).

This Court should err on the side of transparency and unseal the declaration for the benefit of the 1.9 million class members. *Center for Auto Safety, LLC*, 809 F.3d at 1096 (noting "strong presumption in favor of access to court records"); *In re Cendant Corp.*, 260 F.3d 183, 193 (3d Cir. 2001) ("the right of access diminishes the possibility that 'injustice, incompetence, perjury, [or] fraud' will be perpetrated against those class members who have some stake in the case but are not at the forefront of the litigation").

## II. Pivotal Should be Required to Produce Updated Financial Information for Final Approval.

Regardless, the sealed declaration is no basis for the 99.9% discount on class damages. The unaudited financial information relied upon by Fayer (and apparently accepted at face value by class counsel) is out of date. The January 26, 2018 declaration draws from financial records through August 31, 2017. While the records

might have been current at the time of preliminary approval, they are not now. Now that the settlement is before this Court on final approval, the declaration gives no indication whether Pivotal can afford in excess of $9 million. This Court should insist upon current financial information before granting final approval.

### III. The Conclusory Nature of the Declaration, Particularly in its Description of Expenses, Provides No Reliable Indicia that Pivotal Could Afford No More than $9 Million.

Further, the declaration describes Pivotal's fees and expenses in such broad terms that it is impossible to get a fair sense of Pivotal's true financial status. Fayer's declaration does not describe what constitutes general and administrative expenses described in paragraph 3 on lines 15 and 16, nor what is included in operating expenses and professional fees in paragraph 5, lines 5 and 6. The same is true of the supporting unaudited statement of loss and deficit attached to the declaration, which also provides no explanation as to the substantial figure assigned to general and administrative expenses. These expenses could include large salaries to principals designed to make it look as if Pivotal is operating at a loss. Greater detail is needed to ensure Pivotal was not hiding profit.

Class counsel should be required to submit more than the bare-bones unaudited financial records proffered here. Certainly, the revenue disclosed provides no basis to conclude the $9 million settlement, less than 0.1% of class damages, is fair.

## CONCLUSION

Class member Route 42 Dance Academy thus finds no persuasive evidence in Fayer's declaration or supporting unaudited and outdated financial records that would justify class counsel agreeing to a settlement worth less than 0.1% of class damages, without even accounting for treble damages under the TCPA. This Court should require class counsel to submit a declaration based on current financial data that provides more detail to address the concerns identified by the Dance Academy. The Dance Academy reiterates it request that the Court unseal the declaration and deny approval of the settlement. To the extent the Court approves the settlement, fees should be limited to 7.3% or the equivalent of class counsels' lodestar, with the remainder returned to the class.

DATED: August 3, 2018

Respectfully submitted,

/s/ *Timothy R. Hanigan*
Timothy R. Hanigan (125791)
LANG, HANIGAN & CARVALHO, LLP,
21550 Oxnard Street, Suite 760
Woodland Hills, California 91367
(818) 883-5644
trhanigan@gmail.com
Attorney for Objector/Class Member

**Certificate of Service**

The undersigned certifies that today he filed the foregoing Supplemental Objection on ECF which will send electronic notification to all attorneys registered for ECF-filing.

DATED: August 3, 2018

                                           */s/ Timothy R. Hanigan*