Steven M. Tindall, SBN #187862
Email: smt@classlawgroup.com
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701

Beth E. Terrell, SBN #178181
Email: bterrell@terrellmarshall.com
Jennifer Rust Murray, *Admitted Pro Hac Vice*
Email: jmurray@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABANTE ROOTER AND PLUMBING, INC., individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PIVOTAL PAYMENTS INC., d/b/a/ CAPITAL PROCESSING NETWORK and CPN,<br><br>　　　　　Defendant. | NO.  3:16-cv-05486-JCS<br><br>**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT**<br><br>JURY TRIAL DEMAND<br><br>Complaint Filed:  September 26, 2016<br><br>DATE:　　　October 5, 2018<br>TIME:　　　2:00 p.m.<br>LOCATION:  Courtroom G - 15th Floor |

　　　　This matter came before the Court upon consideration of Plaintiff's Motion for Final Approval of Amended Class Action Settlement and Response to Objections and Class Counsel's Motion for an Award of Fees, Costs, and a Class Representative Service Award. After considering the motions and the declarations and exhibits submitted with the motions, the Court

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT - 1
CASE NO. 3:16-CV-05486-JCS

enters this Final Approval Order and Judgment ("Final Approval Order"), which constitutes a final adjudication on the merits of all claims of the Class. It is **HEREBY ORDERED** that the motions are **GRANTED**, the Class is certified, the Amended Agreement is finally approved, Class Counsel are awarded $_____ in fees and costs, and a Service Award is approved in the amount of $_____ for Plaintiff.

**WHEREAS**, on or about February 9, 2018, the Parties filed the Amended Agreement (Docket No. 92-1) which sets forth the terms and conditions of the Settlement and release of certain claims (i.e., the Released Claims) against Pivotal and all other Released Parties ("Settlement");

**WHEREAS**, Plaintiff and Class Counsel have filed motions, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for orders finally approving the Amended Agreement, which will dismiss this Action with prejudice, and granting Class Counsel's request for an award of fees and costs, and a service award to the Plaintiff;

**WHEREAS**, the Court preliminary approved the Settlement on March 28, 2018 (Docket No. 100), and Notice was given to Class Members pursuant to that Preliminary Approval Order;

**WHEREAS**, the Court has reviewed and considered all papers filed in support of and in opposition to the Settlement, and all exhibits thereto, and has held a hearing after Class Notice to the Settlement Class was sent in order to confirm that the Settlement is fair, reasonable, and adequate, and to determine whether the Final Approval Order should be entered in this Action pursuant to the terms and conditions set forth in the Amended Agreement ("Final Approval Hearing") on October 5, 2018, at which time the Parties and all interested persons were heard in support of and in opposition to the Settlement; and

**WHEREAS**, upon consideration of the above, the Court finds that the Settlement is fair, adequate, and reasonable to the Class, within the authority of the Parties, and the result of extensive arm's length negotiations with the guidance of an experienced mediator.

**THEREFORE,** the following is **HEREBY ORDERED**:

1. The Court has jurisdiction over the subject matter of this Action and personal jurisdiction over the Parties and the Class. The definitions and provisions of the Amended Agreement are incorporated in this Order as though fully set forth herein.

2. The definitions and provisions of the Amended Agreement are incorporated in this Order as though fully set forth herein.

3. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the Class is certified as follows:

> All individuals, entities and persons to whom: (a) EPLJ or Gordon Rose made one or more non-emergency telephone calls; (b) allegedly on Pivotal's behalf; (c) promoting credit card processing services, other services, or goods of any kind; (d) to their cellular telephone number; (e) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; and (f) at any time in the period from April 15, 2016 up through and including September 2, 2016.

4. For purposes of settlement, the Court appoints Plaintiff "Class Representative."

5. For purposes of settlement, the Court appoints the attorneys at Broderick & Paronich, P.C., Terrell Marshall Law Group PLLC, The Law Offices of Matthew P. McCue, and Gibbs Law Group LLP as Class Counsel.

6. If the Settlement terminates for any reason, the certification of the Class shall be automatically vacated, null and void, and this Action shall revert to its status immediately prior to the execution of the Amended Agreement.

7. The Court finds that the Class Notice given to members of the Class pursuant to the terms of the Amended Agreement fully and accurately informed Class Members of all material elements of the Settlement and constituted valid, sufficient, and due notice to all such members. The Class Notice fully complied with due process, Rule 23 of the Federal Rules of Civil Procedure, and with all other applicable law. Accordingly, the Court makes final the conditional certification set forth in the Preliminary Approval Order.

8. Those who timely submitted valid requests for exclusion are excluded from the Class and are not bound by this Final Approval Order.

9. The Court finally approves this Settlement, and finds that it is in all respects fair, reasonable, and adequate and in the best interest of the Participating Class Members. The Parties dispute the validity of the claims in the Action, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Amended Agreement to be fair, reasonable, and adequate. Beyond facing uncertainty regarding the resolution of those issues by continuing to litigate, Participating Class Members would also face the challenge of surviving an appeal of any summary judgment or class certification order entered in this action, and any other rulings rendered during trial. Defendant's financial condition also supports approving the Amended Agreement.  Class Counsel have reviewed the Amended Agreement and find it to be in the best interest of Participating Class Members. For all these reasons, the Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of Settlement approval.

10. The Parties, their counsel, and the Settlement Administrator shall fulfill their obligations and duties under the Amended Agreement.

11. The Court dismisses with prejudice this Action, the Released Claims, and the Released Parties, and adjudges that the Released Claims are released against the Released Parties.

12. The Court adjudges that Plaintiff and the Participating Class Members are deemed to have fully, finally, completely, and forever released, relinquished, and discharged the Released Claims against the Released Parties.

13. Plaintiff and the Participating Class Members are permanently enjoined and barred from asserting, initiating, prosecuting, or continuing any of the Released Claims against the Released Parties.

14. The Settlement Administrator completed the delivery of Class Notice according to the terms of the Amended Agreement.  The Class Notice apprised the Class Members of the

pendency of the litigation; of all material elements of the proposed Settlement, including but not limited to the relief afforded the Class under the Amended Agreement; of the res judicata effect on members of the class and of their opportunity to object to, comment on, or opt out of, the Settlement; of the identity of Class Counsel and Class Counsel's contact information; of the right to appear at the Final Approval Hearing and was the best practicable notice under the circumstances.  The notice program prescribed by the Amended Agreement was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Amended Agreement, to all parties entitled to such Class Notice.  The Class Notice given to members of the Class satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process.  The Class Notice was reasonably calculated under the circumstances to apprise Class Members of the pendency of this Action, all material elements of the Settlement, and their opportunity to exclude themselves from, object to the Settlement, and appear at the final fairness hearing.  The Court has afforded a full opportunity to all Class Members to be heard.  Accordingly, the Court determines that all members of the Class, except those who timely excluded themselves from the Class, are bound by this Final Approval Order.

16. Within ten (10) days after the filing of the proposed Amended Agreement in the Court, a notice of the proposed Settlement was served upon the appropriate state official of each State in which a Class Member resides and upon the Attorney General of the United States. The Court finds that the notice provided satisfied the requirements of 28 U.S.C. § 1715(b) and that more than ninety (90) days have elapsed since the required notice was provided, as required by 28 U.S.C. § 1715(d).

17. The Court approves payment of attorneys' fees and costs to Class Counsel in the amount of $____. These amounts shall be taken out of the Gross Settlement Fund that is paid by Pivotal Payments, Inc. pursuant to the terms of the Amended Agreement. The Court finds these amounts, which reflect the Ninth Circuit benchmark of 25% of the Gross Settlement Fund, to be appropriate and reasonable in light of the work performed by Class Counsel and the benefits

obtained by the Class Members. In addition, the Court finds that the Amended Agreement was negotiated at arms' length and without collusion.

18.  The Court approves payment of a Service Award to Plaintiff in the amount of $\_\_\_\_. This amount shall be taken out of the Gross Settlement Fund that is paid by Pivotal Payments, Inc. pursuant to the terms of the Amended Agreement.

19.  Neither this Final Approval Order nor the Amended Agreement is an admission or concession by Pivotal or any of the other Released Parties of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Final Approval Order and the Amended Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault or omission by Pivotal or any of the other Released Parties or any other person in connection with any transaction, event or occurrence, and neither this Final Approval Order nor the Amended Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Approval Order, the Amended Agreement, and all releases given thereunder, or to establish the affirmative defenses of *res judicata* or collateral estoppel barring the pursuit of claims released in the Amended Agreement. This Final Approval Order also does not constitute any opinion or position of the Court as to the merits of the claims and defenses related to this Action.

20.  Upon the Effective Date, the Class Representative and each Participating Class Member will be deemed to have completely released and forever discharged the Released Parties from the Released Claims. Released Claims means any and all claims based on or arising out of the Telephone Consumer Protection Act, 47 U.S.C. § 227, as well as any similar state law that Participating Class Members could have asserted against the Released Parties based on telephone calls placed by EPLJ or Gordon Rose between April 15, 2016 up through and including September 2, 2016 to the extent the telephone calls were allegedly placed on behalf of any of the Released Parties.

21. As of the Effective Date, the Class Representative also will have released any further claim, whether by lawsuit, administrative claim or action, arbitration, demand, or other action of any kind to obtain a recovery based on any claim that could have been asserted against Pivotal as well as any other Released Party. Without limiting the generality of the foregoing general release provided by the Class Representative in any way, the Class Representative's Released Claims include, but are not limited to, any and all claims, charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, penalties, actions, causes of action, suits, rights, demands, costs, losses, debts, and expenses (including attorney fees and costs), known or unknown, at law or in equity, which it may have against Pivotal or any of the other Released Parties up through and including the Preliminary Approval Date. The Class Representative's Released Claims include all claims described above, whether known or unknown. Thus, even if the Class Representative discovers facts in addition to or different from those that it now knows or believes to be true with respect to the subject matter of its released claims, those claims will remain released and forever barred. Therefore, Plaintiff expressly waives and relinquishes the provisions, rights and benefits of Section 1542 of the California Civil Code and any analogous law, statute, or rule. Section 1542 provides as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

The Class Representative has acknowledged that it is aware of and familiar with the provisions of Section 1542 of the California Civil Code, and being aware of Section 1542, as of the Effective Date will have waived and relinquished all rights and benefits it may have under Section 1542 as well as any other statute or common law principle of a similar effect. To the extent permitted by law, if a claim is prosecuted in its name against Pivotal or any of the other Released Parties before any court, arbitrator, or administrative agency, the Class Representative has waived, and agreed not to take, any award of money or other damages from such proceeding.

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT - 7
CASE NO. 3:16-CV-05486-JCS

If a claim is prosecuted in its name against Pivotal or any of the other Released Parties that, upon a written request by Pivotal or Pivotal's Counsel, the Class Representative will immediately request in writing that the claim on its behalf be withdrawn.

22. If Final Approval does not occur because this order is reversed on appeal or for any other reason, the Parties shall be returned to the status quo ex ante, for all litigation purposes, as if no Settlement had been negotiated or entered into and thus this Final Approval Order and all other findings or stipulations regarding the Settlement shall be automatically void, vacated, and treated as if never filed.

23. The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement, including the implementation and enforcement of the Amended Agreement.

24. There were two objections to the Settlement. They are both overruled.

25. The Court finds that no justifiable reason exists for delaying entry of this Final Approval Order and, good cause appearing, it is expressly directed that this Final Approval Order and Judgment be entered as a final and appealable order and the case dismissed with prejudice.

**HEREFORE,** the Clerk of the Court is **HEREBY ORDERED** to enter this Final Approval Order and Judgment.

IT IS HEREBY ORDERED.

DATED this _____ day of _____, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

CERTIFICATE OF SERVICE

I, Jennifer Rust Murray, hereby certify that on August 31, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Antony Buchignani, SBN #186528
> Email:  tbuchignani@tocounsel.com
> Drew Hansen, SBN #218382
> Email:  dhansen@tocounsel.com
> Amy Burke, SBN #276699
> Email:  aburke@tocounsel.com
> Seth M. Goldstein, SBN #232071
> Email: sgoldstein@tocounsel.com
> THEODORA ORINGHER PC
> 1840 Century Park East, Suite 500
> Los Angeles, California 90067-2120
> Telephone: (310) 557-2009
> Facsimile: (310) 551-0283
>
> *Attorneys for Defendant*
>
> Timothy Ricardo Hanigan
> Email: trhanigan@gmail.com
> LANG HANIGAN & CARVALHO, LLP
> 21550 Oxnard Street, Suite 760
> Woodland Hills, California 91367
> Telephone: (818) 883-5644
> Facsimile: (818) 704-9372
>
> *Attorneys for Objector Route 42 Dance Academy, LLC*

1  DATED this 31st day of August, 2018.

2

3        TERRELL MARSHALL LAW GROUP PLLC

4

   By:  /s/ Jennifer Rust Murray, *Admitted Pro Hac Vice*
5        Jennifer Rust Murray, *Admitted Pro Hac Vice*
         Email: jmurray@terrellmarshall.com
6        936 North 34th Street, Suite 300
         Seattle, Washington 98103
7        Telephone (206) 816-6603
         Facsimile: (206) 319-5450
8

9   *Attorneys for Plaintiff*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT - 10
CASE NO. 3:16-CV-05486-JCS